[No. 9688.    In Bank. — February 19, 1887.]

# MARY W. ANDERSON, Appellant, v. W. K. GOFF, Respondent.

|     |     |
| --- | --- |
| 72  | 65  |
| 76  | 614 |
| 72  | 65  |
| 85  | 28  |
| 72  | 65  |
| 95  | 530 |
| 72  | 65  |
| 99  | 417 |
| 72  | 65  |
| 100 | 641 |
| 72  | 65  |
| 122 | 282 |
| 72  | 65  |
| 144 | 415 |
| 144 | 787 |

Appeal — Notice — Designation of Entry of Judgment. — The judgment in the action was rendered on the 29th of March, 1884, and entered on the 30th of April of the same year. The notice of appeal referred to the judgment as having been entered on the 29th of March, 1884. *Held*, that the notice was sufficient.

Insolvency — Judgment against the Insolvent — Discharge must be Pleaded. — A judgment regularly rendered against a debtor after his discharge in insolvency, on an indebtedness existing at the time he was adjudged insolvent, is binding upon him, if he omits to plead his discharge in the action in which the judgment was rendered.

Summons — Publication of — Affidavit — Non-resident Defendant — Attachment. — An affidavit for the publication of summons against a non-resident defendant, whose residence is known and stated therein, need not allege that an attachment has been issued or levied, or that the defendant has any property in the state. Nor is it necessary for the affidavit to show diligence in finding the defendant in the county or state where the action is pending, or to have the return of an officer that he cannot be found.

Id. — Judgment against Non-resident — Binding on Attached Property. — While a personal judgment against a non-resident debtor who is only served with process by publication is void, yet where the debtor has property within the state, which is seized under a writ of attachment issued in the action at the time of its commencement, a judgment therein, although general in its terms, has the effect of perpetuating the attachment lien, and of subjecting the attached property to its payment, and is so far in the nature of a proceeding *in rem* as to uphold a sale of the attached property, and for that purpose and to that extent is valid.

Id. — Order for Publication — Sufficiency of — Deposit in Post-office. — An order for the service of summons by publication against a non-resident defendant whose residence was known, after stating the jurisdictional facts, and ordering publication in a designated paper for two months, directed that a copy of the complaint and summons be deposited in the post-office, addressed to the defendant, but failed to specify that the deposit should be made "forthwith," as provided by section 413 of the Code of Civil Procedure. The deposit was made, however, on the day the order was signed. *Held*, that the order was sufficient, and that the omission was a mere irregularity, and could not be taken advantage of collaterally.

Id. — Publication in Newspaper — Time to Answer — Extension of. — The continuance of the publication of the summons in the newspaper beyond the required time does not operate to extend the time to answer beyond the periods fixed by the order of publication and the statute.

LXXII. Cal.—5

ID. — ATTORNEY MAY MAKE DEPOSIT — AFFIDAVIT OF ATTORNEY. — The
deposit of a copy of the complaint and summons in the post-office may
be made by the attorney for the plaintiff, and his affidavit is sufficient
proof thereof.

ATTACHMENT — LEVY — REGULARITY OF — RETURN OF OFFICER. — The regu-
larity of the levy of an attachment is sufficiently shown, as against a
collateral attack, by the return of the attaching officer reciting that he
had duly levied the same upon all the right, title, and interest of the
defendant in and to certain described real estate.

APPEAL from a judgment of the Superior Court of San
Benito County, and from an order refusing a new trial.

A motion was made to dismiss the appeal from the
judgment, on the ground that the notice of appeal pur-
ports to appeal from a judgment entered on the 29th of
March, 1884, whereas the record shows that no judg-
ment was entered until the 30th of April, 1884. The
further facts are stated in the opinion.

*G. B. Montgomery,* and *Burchard & Scott,* for Appellant.

*Briggs & Hawkins,* and *McCroskey & Hudner,* for Re-
spondent.

SEARLS, C.— The motion to dismiss the appeal herein
is met by a certificate of the clerk of the Superior Court
in and for the county of San Benito, in which county
the action was brought and passed to judgment, showing
that the statement on motion for new trial was properly
settled and certified by the judge of the Superior Court;
that the order overruling the motion for a new trial was
entered and signed by the judge on May 31, 1884, and
that the judgment in said cause was rendered on the
twenty-ninth day of March, 1884, and entered on the
thirtieth day of April, 1884, before the notice of appeal
was filed.

The motion to dismiss the appeal should be denied.

The appeal is taken by plaintiff from a judgment in
favor of defendant, and from an order denying a new
trial. The action is ejectment to recover a lot of land,

containing one and one half (1½) acres, situate in what is known as College Addition to the town of Hollister, San Benito County, and to recover damages for the withholding such land, and rents and profits.

Plaintiff, at the several dates hereinafter mentioned, was, and still is, a married woman, the wife of J. G. Anderson.

On the tenth day of November, 1876, one W. C. Land, being the owner of and in possession of the premises described in the complaint, conveyed the same to plaintiff's husband, and took from the latter his promissory note for six hundred dollars, the purchase price thereof.

On the tenth day of November, 1878, Anderson gave Land a new note for three hundred dollars, the residue of the purchase price of the land having been previously paid.

On the 26th of April, 1880, according to the findings. Anderson being insolvent, and unable to pay his debts, being indebted to various persons in sums aggregating over four thousand dollars, and among others to Land, on account of said note, in the sum of over three hundred dollars, in contemplation of insolvency, and for the purpose of hindering, delaying, and defrauding his said creditors, among whom was said Land, conveyed without consideration, and as a gift, the land in question to his wife, the plaintiff herein.   Plaintiff never went into possession of the land, and knew of the insolvency of her husband.   The deed was recorded April 28, 1880.

On May 6, 1880, Anderson filed his petition and schedule in insolvency in Alameda County, to which he had removed, and such proceedings were had therein, that he was adjudged an insolvent debtor, and afterward, on the fourth day of August, 1880, was discharged from his debts.   He removed soon thereafter to Colorado, where with plaintiff he still resides.

On February 16, 1881, Land brought suit against Anderson on his note, sued out a writ of attachment, and

caused the same to be levied upon the interest of the defendant therein in and to the demanded premises. Service of summons was had upon Anderson by publication, etc., and upon his default for want of an answer, judgment was taken in favor of plaintiff, upon which an execution issued, was levied upon the property attached, and after notice a sale was had, at which Land became the purchaser, and in due time, there having been no redemption, received a sheriff's deed of the premises.

Defendant holds the property by sundry mesne conveyances from Land, and has been in possession under his deed since August, 1882.

We may dismiss from consideration the proceedings of Anderson in insolvency, for the reason that if the judgment of Land was regularly obtained, the former is concluded thereby for want of a plea of his discharge in that action.

Several objections are made by appellant to the affidavit for publication of summons, among which are: —

1. That it fails to state that any writ of attachment was issued or levied, or that the defendant therein had any property in this state.

2. That it failed to show any attempt at service in this state, or any return of an officer that defendant could not be found, etc.

Our Code of Civil Procedure, sections 412 and 413, provides that when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, etc., and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a necessary or proper party to the action, — an order of service by publication of summons may be made, etc.

The affidavit in this case showed that the plaintiff had a cause of action against the defendant therein, and also referred to his complaint containing a like showing, and duly verified. He also showed by the affidavit that defendant was a resident of Denver, in the state of Colorado, and was there engaged in business, etc.

The affidavit was sufficient to warrant an order of service of the summons by publication.

Where a defendant is shown to be a resident of another state, and his place of residence is known, it is not necessary to show diligence in finding him in the county or state where the action is pending, or to have the return of an officer showing that he cannot be found. Nor was it necessary to show by the affidavit that a writ of attachment had issued, or that the defendant had property in this state.

Our statute gives the right to service of summons upon defendants in all cases where they are non-residents of the state, without reference to the fact of their having or not having property here. The effect of a judgment thus obtained is quite another thing.

In *Pennoyer* v. *Neff,* 95 U. S. 714, it was held by the Supreme Court of the United States that although a state having property of a non-resident within her territory may hold and appropriate it to satisfy the claim of her citizens against him, and her tribunals may inquire into his obligation to the extent necessary to control the disposition of that property, yet in the absence of such seizure, a personal judgment is without validity if it be rendered by a state court in an action upon a money demand against a non-resident, who was served by publication of summons, but upon whom no personal service of process within the state was made, and who did not appear.

The same doctrine was laid down substantially in *Belcher* v. *Chambers,* 53 Cal. 636, in which it was held that, although a state having property of a non-resident

within her territory, may hold and appropriate it to satisfy the claim of her citizen against him, and her tribunals may inquire into his obligation to the extent necessary to control the disposition of that property, yet in the absence of a seizure of such property, a personal judgment is without validity, if it be rendered by a state court in an action upon a money demand against a nonresident who was served with summons by publication only, and who did not appear in the action, and the personal judgment was held void.

The right to institute and prosecute an action against a non-resident, and to serve summons upon him by publication, is by these cases upheld so far as may be necessary to determine his liability, with a view of subjecting his property to the payment of a debt due to a resident, provided always that such action must be in aid of an attachment, or some other process designed to reach and establish a lien upon the debtor's property within the local jurisdiction.

Now, in this state, we have one specific mode by which to acquire a lien upon the property of a debtor against whom a cause of action exists, arising out of contract. It consists in commencing an action, and praying for judgment as in other cases, and upon filing a proper affidavit and undertaking, a writ of attachment issues, under which the property of the alleged debtor may be seized and held subject to sale for the purpose of satisfying such judgment as may be recovered.   The judgment, when rendered, does not differ from that entered in other cases upon a money demand.

" If judgment be recovered by the plaintiff, the sheriff must satisfy the same out of the property attached by him which has not been delivered to the defendant," etc.   (Code Civ. Proc., sec. 550.)

By force of section 688 of the same code, " all property and rights of property seized and held under attachment in the action are liable to execution."

Under these provisions it has been held by this court that no order of sale by the court is necessary to authorize the sheriff to sell the attached property, and that the lien of the attachment is not lost by taking a simple money judgment without embodying therein directions for the sale of the attached property. (*Law* v. *Henry*, 9 Cal. 538.)

In *Bagley* v. *Ward*, 37 Cal. 121, it was held that " when a judgment is rendered in an attachment suit, and becomes a lien on real property attached, the lien of the attachment is merged in the judgment"; and in *Porter* v. *Pico*, 55 Cal. 174, it is said: " But the judgment does not operate so as to release or obliterate the attachment lien. The property attached is still in contemplation of law in the hands of the officer, subject to the judgment. The attachment lien still exists so as to confer a priority in the lien of the judgment. . . . . The property is sold under the final process issued on the judgment."

Had our courts adopted the practice, in cases where attachments are issued, of declaring the lien of the attachment in the judgment, and directing the attached property to be sold in satisfaction of such lien, the orderly connection between the lien and the rights accruing to a purchaser under a sale thereunder would be more readily apparent, but in the light of the interpretation given to the statutes, and to the judgments in such cases, the same result is reached.

In view of this result, we think it must follow that while a personal judgment against a non-resident debtor who is only served with process by publication is void and of no effect, yet in a case where the debtor has property within the state, which is seized under a writ of attachment issued in the cause at the time the suit is brought, a judgment therein, which, though general in its terms, has the effect of perpetuating the attachment lien, and of subjecting the attached property to the payment of a debt due from the non-resident, is so far in the na-

ture of a proceeding *in rem,* as to uphold a sale of the attached property, and considered for that purpose and to that extent is not void.

It is the method, and only method, pursued in our courts for subjecting the property of a non-resident debtor to the payment of demands due from him to our citizens, and the object sought is the essential thing to be considered, and is of more importance than the means by which the end is attained.

The facts that defendant had property in this state, that a writ of attachment issued in the cause was levied thereon, and the property sold in satisfaction of the claim, are all in proof.

The existence of these facts are essential to the validity of the proceedings.

The requirements of the affidavit for publication of summons are to be measured by our code, and the facts that defendant has property in this state, and that a writ of attachment has issued, are not among them.

The decisions quoted from the New York courts have no application here, for the reason that the statute of that state is essentially different from our own. *There,* service of summons can only be had against a non-resident of the state who "has property therein," etc. (New York Code, sec. 135.)

Under such a statute, the ownership of property in the state becomes a jurisdictional fact, necessary to be stated in the affidavit.

The order of service of summons by publication, after stating the jurisdictional facts, and ordering publication in a designated paper for two months, directed a copy, etc., to be deposited in the post-office, etc., directed to defendant, etc., but failed to include in such direction the word "forthwith," as contained in section 413, Code of Civil Procedure.

"The court or judge must direct a copy of the summons and complaint to be forthwith deposited in the

post-office, directed to the person, to be served at his place of residence."

The term "forthwith," when applied to the performance of an act, imports that it shall be performed as soon as by reasonable exertion confined to that object it might be; and which must consequently vary according to the circumstances of each particular case. (3 Chitty's General Practice, 112.)

In *Roberts* v. *Brett*, 36 Eng. L. & Eq. 358, it was held to mean "within a reasonable time."

When a defendant is ordered to plead forthwith, he must plead within twenty-four hours. (Wharton.) In other matters of practice the word has come to have the same meaning. (2 Edw. Ch. 328; *Moffatt* v. *Dickson*, 3 Col. 313; Bouvier's Law Dictionary.)

Like the term "immediately," it is not in law to be necessarily construed as a time immediately succeeding without an interval, but an effectual and lawful time, allowing all the "adjuncts and accomplements" necessary to give an act full legal effect to be performed.

In *Van Wyck* v. *Hardy*, 20 How. 22, the word "forthwith" was construed as synonymous with "all reasonable dispatch."

The deposit of a copy in the post-office was made on the day the order was signed, and we are of opinion that the omission of the word "forthwith" from the order requiring such deposit was at most an irregularity which did not render the proceedings void, but which might perhaps have been good cause to set aside the proceedings for irregularity on a direct motion for that purpose.

The default was not prematurely taken. The summons was published from February 19, 1881, for two months, which expired April 20th. The defendant then had thirty days in which to answer, which expired May 21, 1881, and the default was not entered until May 27th following. The fact that the newspaper continued to publish the summons until May 7th did not have the

effect to extend the time to answer beyond the periods fixed by the order of publication and the statute.

The deposit of a copy of summons and complaint, prepaid, in the post-office by N. C. Briggs, the attorney of plaintiff, and his affidavit of that fact, was sufficient

The provisions of section 410, in relation to service of summons upon a defendant personally, has no application to the deposit of a copy in the post-office, the affidavit of performance of which act is provided for by the third subdivision of section 415.

We think the judgment roll in *Land* v. *Anderson* was good as against a collateral attack, and was properly admitted in evidence. (*McCauley* v. *Fulton,* 44 Cal. 355.)

The objection made to the manner of levying the attachment is not tenable.

The court finds that it was duly levied upon the land in question, and the finding is supported by the return of the officer, in which he certifies that he "duly levied upon all the right, title, and interest of the said J. G. Anderson in and to the following real property, to wit" (describing the land in dispute).

Under the ruling of the court in *Porter* v. *Pico, supra,* this was sufficient as against a collateral attack.

Like considerations apply to the objection urged to the return on execution.

These views render the other questions raised in the record unimportant.

We are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.