[L. A. No. 811. Department One.—February 3, 1900.]

C. E. FERRIS, Appellant, v. BLIEK BAKER et al., Respondents.

MINING PARTNERSHIP.—A mining partnership exists, without an express agreement to form a partnership, when two or more persons owning shares or interests in the mine actually engage in working the same for the purpose of extracting the minerals therefrom.

ID.—ACTION FOR DISSOLUTION, ACCOUNTING, AND SALE—EVIDENCE AS TO MINING PARTNERSHIP—NONSUIT.—In an action for the dissolution of an alleged mining partnership, and for an accounting and sale of the mining property, to repay money contributed by the plaintiff in excess of his proper share in the business of working the mine, where the evidence tends to show the relation of mining partners between the parties, or tends to establish facts indicating that relation which might be reasonably, though not necessarily, inferred from the evidence, it is error to grant a nonsuit.

ID.—REVIEW ON MOTION FOR NONSUIT.—On motion for a nonsuit, whatever facts relevant to the issue the evidence for the plaintiff tended to prove must be regarded as proved, and the plaintiff is entitled to the benefit of the facts in testimony, and of the presumptions of fact which might reasonably be drawn from them.

ID.—DEED OF MINING INTEREST TO WIFE—WORK BY HUSBAND—AGENCY—RATIFICATION—EXISTENCE OF MINING PARTNERSHIP.—Evidence showing that the deed of the mining claim in controversy was procured by a husband to be made in the name of the plaintiff and of his wife, made defendant, that the husband and plaintiff worked the mine together, the husband assuming to represent his wife as agent, that subsequently the husband and wife conveyed an undivided interest to another defendant, agreeing that he should "be at no expense for assessment or development work" on the mine, until it should "begin to produce," and that the wife subsequently declared that she owned the mining property individually, and that her husband was her agent in the matter. tends to show a ratification of the deed to her. and of the acts of her husband as her agent, and to show the existence of a mining partnership between the plaintiff and the wife.

ID.—DECLARATIONS OF HUSBAND AS TO AGENCY.—The declarations of the husband as to his agency for his wife were incompetent to establish the fact of agency as against the wife, though competent for the purpose of showing that the plaintiff dealt with him as agent, and not as principal.

ORDER FOR NONSUIT—JUDGMENT—ENTRY—TIME FOR APPEAL.—An order
for a nonsuit entered in the minutes of the court, which does
not show what were the grounds of the motion, and does not
purport to be a dismissal of the action, nor a judgment of any
kind, and upon which no execution could be issued, but is a
mere memorandum from which data for a judgment might be
drawn, is not a dismissal of the action, nor a judgment of non-
suit, within the meaning of section 581 of the Code of Civil
Procedure, declared to be effective when entered in the minutes
of the court. The time for appeal does not run in such case
until the entry of a proper judgment of nonsuit of the plaintiff,
which operates as a final disposition of the case.

APPEAL from a judgment of the Superior Court of Los An-
geles County. M. T. Allen, Judge.

The facts are stated in the opinion.

Brown & Newby, for Appellant.

Miller & Brown, for Respondents.

BRITT, C.—Action to obtain the dissolution of an alleged
mining partnership, an accounting, a sale of the mining prop-
erty owned by the alleged partners, and the repayment to plain-
tiff of money contributed by him in excess of his proper share
in the business of working the mine. The court below was of
opinion that plaintiff failed at the trial to prove the existence
of a mining partnership, and rendered judgment of nonsuit
against him.

"A mining partnership exists when two or more persons who
own or acquire a mining claim for the purpose of working it
and extracting the mineral therefrom actually engage in work-
ing the same." (Civ. Code, sec. 2511.) "An express agreement
to become partners . . . . is not necessary to the formation or
existence of a mining partnership. The relation arises from
the ownership of shares or interests in the mine, and working
the same for the purpose of extracting the minerals therefrom."
(Civ. Code, sec. 2512.) The property in question here, called
the Philadelphia mine or mining claim, was owned by the plain-
tiff and the defendant Bliek Baker in equal shares, each one-half.
Said Bliek is a married woman, the wife of one E. N. Baker.
Work on said mining claim, for the purpose of extracting the

mineral therefrom, was begun in the month of June, 1897, and was continued until December following; the business thus prosecuted comprises the transactions of which plaintiff prays an accounting. The question is whether said Bliek Baker engaged in said business jointly with the plaintiff; if she did, then, under the law expressed in said sections of the Civil Code, the mining partnership existed; otherwise, it did not. The evidence produced by plaintiff upon that point was, in substance, as follows: Early in June, 1897, the purchase of said mining claim from the former owner was effected through the instrumentality of said E. N. Baker; as to a one-half interest such purchase was on behalf of the plaintiff, and E. N. Baker caused the deed of the property to be made to plaintiff and said Bliek Baker as grantees—he representing to plaintiff that he was the agent of his wife. Said E. N. Baker and the plaintiff then agreed that they would develop the mine and extract ore therefrom; the work aforesaid proceeded pursuant to this agreement. On July 20, 1897, said E. N. and Bliek Baker jointly executed a written contract with one I. N. Inskeep, whereby they agreed to sell and convey to said Inskeep an undivided one-eighth interest in the said mining claim; this contract contained a clause by which the vendors agreed that Inskeep should "be at no expense for assessment or development work" on the mine up to the time the same should "begin to produce," and that they would pay all such expenses. A witness for plaintiff testified that he heard a conversation between Mrs. Baker and one Pepper in August, 1897, "relative to the Philadelphia mine"; that Pepper "asked her if Mr. Baker owned the property or if she owned it, and she remarked that the property was hers individually, but Mr. Baker did her business for her, was her agent in the matter." Defendants admitted that said Pepper, if present in court, would testify to the same effect.

In reviewing the action of the court on the motion for nonsuit, we must regard as proved whatever facts, relevant to the issue, the evidence for the plaintiff tended to prove (*Dow v. Gould etc. Min. Co.*, 31 Cal. 629); plaintiff is entitled to the benefit of the facts in testimony "and the presumptions which might reasonably be drawn from them." (*De Ro v. Cordes*, 4 Cal. 117; *Warner v. Darrow*, 91 Cal. 309.) We leave out of view any

declarations of E. N. Baker as to his agency for his wife; they were incompetent, as the court below rightly held, to establish the fact of agency against her, though competent for the purpose of showing that plaintiff dealt with E. N. Baker as agent and not as a principal. But we have seen that there was evidence that Mrs. Baker joined her husband in a contract to sell an interest in the mining claim to Inskeep; by the same instrument she agreed with Inskeep that she would pay all expenses of development work on the mine until it should "begin to produce"; and later she declared, in reference to the mine, that she owned the property, "but her husband was her agent in the matter." From these circumstances it seems to us that a jury, or the court sitting to determine the fact, might reasonably deduce the inferences that Mrs. Baker ratified the acquisition of the mining claim by E. N. Baker as her agent; that the work she promised Inskeep she would pay for was the work then in progress on the mine, rather than work to be done in the indefinite future; and, this work having been authorized by her husband, that she was cognizant of what he had done, and adopted it as done on her behalf. Perhaps none of these are necessary inferences from the facts proved, but, as the evidence tended to justify them, they are to be regarded for present purposes as facts established; as such they tend to show the relation of mining partners between plaintiff and Mrs. Baker. It was error, therefore, to order a nonsuit.

Defendants make the point that the appeal was taken too late and for that reason cannot be considered. The order, such as it was, granting the motion for nonsuit was made and entered in the minutes of the court and noted in the clerk's register of actions on December 6, 1898. Formal judgment of nonsuit against the plaintiff, directing that he take nothing and that defendants recover costs, was entered May 3, 1899. The appeal was taken July 21, 1899. It is provided by section 581 of the Code of Civil Procedure, as amended in 1897 (Stats. 1897, p. 98), that the dismissal of an action, or a judgment of nonsuit, for failure by the plaintiff to prove a sufficient case for the jury, "shall be made by order of the court entered upon the minutes thereof, and shall be effective for all purposes when so entered." Section 939 of the Code of Civil Procedure (amended, Stats.

1897, p. 55) provides that an appeal may be taken from a final judgment within six months after the entry thereof. Defendants urge that the appeal should have been taken within six months after the order allowing the motion for nonsuit was entered in the minutes of the court.

The order in this case was a mere narration by the clerk as follows: "Defendants move the court for nonsuit on the grounds stated. Said motion is argued and thereupon granted." The order did not show what were the grounds of the motion; it did not purport to be a dismissal of the action nor a judgment of any kind, and was, in fact, but a memorandum affording data from which a judgment or proper order might be drafted—similar to the minute made when a decision is announced directing that judgment pass for one party or the other. Obviously, no execution could have issued on such an order when a cause is submitted on evidence for both sides. We are not called upon to say what would have been its effect under said section 581, as regards the time limited for appeal, if it had purported to make final disposition of the action. There was no such disposition until the entry of the judgment on May 3, 1899, and the appeal was in time. The judgment should be reversed and the cause remanded for a new trial.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for a new trial.

Harrison, J., Garoutte, J., Van Dyke, J.