[Civ. No. 806.   First Appellate District.—March 4, 1911.]

EMMA A. LARSON, Appellant, v. ALEXANDER LARSON,
as Administrator of the Estate of ALFRED LARSON,
Deceased, Respondent.

APPEAL UNDER NEW METHOD—ABSENCE OF NOTICE OF ENTRY OF JUDG-
MENT—TIME FOR APPEAL—MOTION TO DISMISS DENIED.—Where an
appeal is taken under sections 941a and 941b of the Code of Civil
Procedure, and no notice of the entry of the judgment has been
given, and the appeal was taken within six months from such entry,
it was taken and perfected in season to permit a consideration and
review of the evidence, or for any other purpose; and a motion to
dismiss such an appeal must be denied.

ID.—DATE OF ENTRY OF JUDGMENT OF NONSUIT SPECIFIED IN NOTICE OF
APPEAL—PRELIMINARY ORDER.—Where a preliminary order of non-
suit may be considered as a mere memorandum affording data from
which the final judgment of nonsuit might be drafted and entered
as of the date specified in the notice of appeal, it is held that the
date of the judgment so specified was the proper one from which to
compute the time for appeal.   (On petition for rehearing.)

ID.—SUPPOSITION OF DATE OF PRELIMINARY ORDER AS CORRECT.—Even if
the date of the preliminary order should be taken as the correct date,
the appeal would still be taken in time; and any error in the notice
of appeal existing upon such supposition could not mislead since such
notice identified the order appealed from with reasonable certainty,
which is all that is required. and any error therein should be disre-
garded.   (On petition for rehearing.)

ID.—JUDGMENT OF NONSUIT IN CLAIM AND DELIVERY—ACTION BY WIDOW
AGAINST ESTATE OF DECEASED· HUSBAND — SEPARATE PROPERTY—
ERROR.—In an action by a widow in claim and delivery against the
administrator of the estate of her deceased husband to recover fur-
niture, as her separate property, in which it is proved by her testi-
mony that such furniture was purchased by her with funds earned
by her in a business conducted by her as her separate property, with
the husband's consent that it should be her own, without interference
or participation therein by the husband, it was error to grant a
judgment of nonsuit against her.

ID.—EFFECT OF MOTION FOR NONSUIT.—A motion for a nonsuit admits
the truth of all evidence in favor of the plaintiff, together with
every inference or presumption legitimately deducible therefrom.
Contradictory evidence is to be disregarded; and upon such a motion
all evidence is to be construed most strongly against the defendant.
If there is any substantial evidence tending to prove the facts neces-

sary to make out a case, the plaintiff is entitled to a judgment on the merits, and the motion should be denied.

ID.—HUSBAND AND WIFE—EARNINGS OF WIFE—COMMUNITY PROPERTY— RELINQUISHMENT BY HUSBAND—SEPARATE PROPERTY.—The earnings of the wife during marriage and while living with her husband, as community property, are subject to the control of the husband; but the husband may relinquish to the wife his interest in her earnings, and when he does so, such earnings become the separate property of the wife.

ID.—TESTIMONY OF WIDOW SUFFICIENT TO SUPPORT JUDGMENT.—It is held that the testimony of the widow supports her complaint, and fairly discloses that the property claimed was regarded by the spouses as the separate property of the wife, and is not only sufficient to preclude a nonsuit, but, if submitted on her testimony alone, would have supported a judgment in her favor.

APPEAL from a judgment of nonsuit entered in an action of claim and delivery in the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

John C. Scott, for Appellant.

Reed, Black & Reed, and Walker & Moreland, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment of nonsuit entered in an action of claim and delivery.

Plaintiff is the widow of Alfred Larson, deceased, and brought suit against the administrator of her husband's estate to recover possession of certain personal property, consisting generally of household furniture, which she claims as her separate property.

Upon the close of plaintiff's case defendant moved for a nonsuit, upon the ground that the evidence introduced failed to sustain the allegations of the complaint as to the separate character of the property. After due consideration this motion was on September 3, 1909, granted. Thereafter, on September 22, 1909, a judgment of nonsuit was entered in the minutes of the court, pursuant to the provisions of section 581 of the Code of Civil Procedure.

Before considering the question of the correctness of the court's ruling on the motion for nonsuit, it is necessary to dispose of a motion made by respondent to dismiss the appeal.

The judgment was entered by the clerk on September 22d, and the appeal therefrom was taken on November 27th following. Respondent contends that as the appeal was perfected more than sixty days after the entry of the judgment, the evidence cannot be reviewed, and that the appeal must be dismissed. This motion would probably have to be granted if the appeal were taken under section 939 of the Code of Civil Procedure. As a matter of fact, however, the appeal is taken under sections 941a and 941b of that code; and as no notice of the entry of judgment was given, and the appeal was taken within six months from such entry, it was taken and perfected in season to permit a consideration and review of the evidence, or for any other purpose.

This brings us to the question, Was the court warranted in granting the motion for nonsuit? To answer this query it will be necessary to review briefly the evidence.

The plaintiff, as a witness in her own behalf, testified that for a long period of time she had conducted, in her own name, the business of selling leases of lodging-houses and the like; that the money thus earned was deposited in banks to her credit; that she had exclusive and undisturbed control of said business and its earnings, free from any interference or participation of her husband; that the furniture in question was purchased by her with funds thus earned; that on account of her illness at the time of this purchase her husband attended to the details of the transaction, but that the checks given in payment thereof were drawn by her on funds standing in her own name in the bank, and representing her own earnings in said business, and that the receipts for the several payments were taken by her husband for her and in her name. As a circumstance showing her husband's recognition of the fact that he acted merely as her agent in the matter, plaintiff testified that upon the completion of the transaction, in handing her a receipt in full from the vendor of the furniture, her husband asked if she did not think he had gotten the furniture for her cheap enough. She also testified that prior to going to Portland, where it appears that she and

her husband formerly resided, their joint earnings went into a common fund; but that thereafter, and for more than five years before the commencement of the present action, there had existed a verbal understanding between them to the effect that (quoting the plaintiff's language) "I should go ahead on my own business and take care of my business for myself." In one place in her testimony she said that no agreement was made that the earnings of such business were to be hers, because she and her husband did not think such agreement necessary; but it is quite evident from the context that she supposed she was being questioned with reference to a written agreement.

A motion for a nonsuit admits the truth of all evidence in favor of the plaintiff, together with every inference or presumption legitimately deducible therefrom. Contradictory evidence is to be disregarded, and upon such a motion all evidence must be construed most strongly against the defendant. (*Goldstone* v. *Merchants' Ice etc. Co.,* 123 Cal. 625, [56 Pac. 776]; *Hanley* v. *Cal. Bridge Co.,* 127 Cal. 232, [59 Pac. 577, 47 L. R. A. 597]; *Ferris* v. *Baker,* 127 Cal. 520, [59 Pac. 937].) In the case of *Estate of Arnold,* 147 Cal. 583, [82 Pac. 252], the rule is thus fully stated: "Every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence produced must be considered as facts proven. If evidence is fairly susceptible of two constructions, or if either of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. All evidence must be taken as true, and if contradictory evidence has been given it must be disregarded. . . . If there is any substantial evidence tending to prove the facts necessary to make out a case, the plaintiff is entitled to a trial upon the merits."

Tested by this rule we think the motion for a nonsuit should have been denied.

In addition to the evidence of the verbal agreement between plaintiff and her husband that she should conduct the business *for herself,* it was clearly shown that she in fact did manage and control the leasing business in every respect as her own, and without any interference at all on her husband's part except upon the single occasion and under the

circumstances already described. As these facts indicate that the husband did not regard the leasing business and its earnings as community property, and that he had relinquished the same to his wife, they constituted circumstantial evidence tending to prove the allegations of plaintiff's complaint. (*Kaltschmidt* v. *Weber,* 145 Cal. 596, [79 Pac. 272].) We think the testimony fairly discloses the fact that the property was regarded by the spouses as the separate estate of the wife.

The earnings of the wife during marriage and while living with her husband are community property, subject to the control and management of the husband; but the latter may relinquish to the wife his interest in them, and when he does so such earnings become the separate property of the wife. (Civ. Code, secs. 158, 159; *Wren* v. *Wren,* 100 Cal. 276, [38 Am. St. Rep. 287, 34 Pac. 775].)

In the case of *Von Glahn* v. *Brennan,* 81 Cal. 261, [22 Pac. 596], the evidence showed that the husband told his wife that "everything you make is yours." She went into business, made money and purchased real property, and such property was held to be her separate estate.

In *Kaltschmidt* v. *Weber, supra,* the court said: "It may well have been the case that the husband could recall no conversation between them in which such an agreement was distinctly expressed. His testimony strongly indicates this condition of memory. And yet it might also be true that the fact that there was such an agreement was perfectly well understood between them. In such a case resort may be had to circumstantial evidence. The conduct and actions of the husband with respect to such earnings, indicating that he did not regard them as community property, or that he had relinquished to her the right to control and dispose of her receipts from that source, would be competent evidence and admissible to prove the agreement."

The plaintiff is of foreign birth, and not very familiar with the English language, which doubtless accounts for the testimony being indefinite and obscure in some respects. Nevertheless, considering the portions favorable to her, and all reasonable inferences deducible therefrom, we feel constrained to say that if the case had been submitted on her testimony alone, it would have supported a judgment in her favor.

Therefore the motion for nonsuit was improperly granted. (*Goldstone* v. *Merchants' Ice etc. Co., supra.*)

The judgment is reversed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 3, 1911, upon which the following opinion was rendered:

THE COURT.—Respondent, in his petition for a rehearing, calls our attention to the fact that the appellant, in her notice of appeal, refers to the date of the entry of the order of nonsuit as being September 22d, respondent claiming that the record shows that such entry was in fact made on September 3d. He contends, therefore, that the appeal should not have been considered.

It is not as clear as it might be as to when the judgment of nonsuit was entered in the minutes of the court. We are inclined to think, however, that the first order was merely "a memorandum affording data from which a judgment . . . might be drafted," and that therefore the order of September 22d was the proper one from which to take the appeal. The supreme court so held in a similar case. (*Ferris* v. *Baker,* 127 Cal. 520, [59 Pac. 937].)

The appeal was in time even if the order of nonsuit was entered as claimed by respondent. The error complained of, even if it existed, could not possibly have misled anyone, for the notice of appeal identified the order appealed from with reasonable certainty. That is all that is required. (Code Civ. Proc., sec. 941b.) Such errors have always been disregarded. (See *Weyl* v. *Sonoma Valley Ry. Co.,* 69 Cal. 202, [10 Pac. 510]; *Anderson* v. *Goff,* 72 Cal. 65, [1 Am. St. Rep. 34, 13 Pac. 73]; *Paul* v. *Crugnaz,* 25 Nev. 293, [57 Pac. 857, 60 Pac. 983, 47 L. R. A. 540]; *British Bark Latona* v. *McAllep,* 3 Wash. Ter. 332, [19 Pac. 131].)

The petition for a rehearing is denied.