[L. A. No. 11409.  In Bank.—September 10, 1929.]

In the Matter of the Estate of CHARLES YALE, Deceased.  HAROLD L. YALE et al., Appellants, v. WILLIAM E. BRIGGS et al., Respondents.

Woodruff, Musick, Pinney & Hartke for Appellants.

Harry A. Chamberlin and Farrand & Slosson for Respondents.

WASTE, C. J.—Motions to dismiss appeals.  The last will and testament of Charles Yale, deceased, and a codicil thereto, were duly admitted to probate, and letters testamentary issued.  A contest and petition to revoke the probate was filed by the appellants, and the proceeding came regularly on for hearing.  During the hearing, and as the introduction of evidence progressed, the proponents and respondents moved for a nonsuit as to each of the four grounds of contest.  An order granting the motion as to the third and fourth grounds of contest was entered in the minutes on November 23, 1928, and an order granting the

motion as to the second ground was entered on December 6, 1928. On the following day a nonsuit was granted as to the first ground of contest, but only as to two of the contestants. The issue presented by the first ground of contest was submitted to a jury, which found for the remaining contestants. Judgment was entered in accordance with the verdict on December 31, 1928.

The judgment provided, in part: "That said motions of said respondents, . . . for a nonsuit and dismissal of the second, third amended and fourth separate grounds of contest, having heretofore been ordered granted, same are, and each of them is hereby granted, and said separate grounds of contest to revoke said Will and Codicil and the probate thereof on the ground of undue influence, fraud and conspiracy and lack of proper execution, are hereby dismissed and said contestants shall have and recover nothing and be granted no relief under and by reason of said second, third amended and fourth separate grounds of contest, and it appearing that contestants, Jennie Ethelyn Grisier, . . . and Richard Miller, are not interested in said estate as contemplated by law, and are not proper parties to said contest, said action and contest is dismissed as to said contestants Jennie Ethelyn Grisier and Richard Miller, only." On February 14, 1929, the contestants filed a notice of appeal to this court from each of the several minute orders above referred to and from that portion of the judgment just above quoted. The notice of appeal was filed more than sixty days after the entry of the respective minute orders, but within sixty days of the entry of the judgment.

In moving for a dismissal of the several appeals, the respondents rely on section 581 of the Code of Civil Procedure, which reads, in part, as follows: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . .

"5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. . . .

"The dismissals mentioned in subdivisions three, four and five of this section must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered; . . . "

The respondents take the position that, under the provisions of this section, each of the several minute orders became, when entered, a final determination or judgment upon the particular ground of contest to which it related, requiring any appeal therefrom to be taken within sixty days after the entry. It is contended that the appeals from these orders, not having been taken within that time, were taken too late. The dismissal of the appeal from the quoted portion of the judgment is moved on the ground that the reference therein to the orders of nonsuit theretofore made was "superfluous and of no effect." It is respondents' contention that, as an appeal from a. nonsuit, to be effective, must be taken within sixty days from the entry of the order of nonsuit in the minutes, no appeal will lie from a formal judgment of dismissal thereafter entered.

Without in any manner attempting to minimize the force of the authorities cited and relied on by the respondents in support of their motion, it is our conclusion, founded on a reading of the several minute orders and of that portion of the formal judgment hereinabove quoted, that the minute orders were intended by the trial court, and must have been understood by the parties, to be and to serve merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause. In such case an appeal is held to lie from the formal judgment. (*Ferris* v. *Baker*, 127 Cal. 520, 523, 524 [59 Pac. 937]; *Larson* v. *Larson*, 15 Cal. App. 531, 536 [115 Pac. 340].)

The motion to dismiss the appeals from the several minute orders hereinabove referred to is granted. The motion to dismiss the appeal from a portion of the judgment is denied.

Preston, J., Seawell, J., Richards, J., Shenk, J., and Langdon, J., concurred.