[Civ. No. 6446. Second Appellate District, Division Two.—January 21, 1931.]

T. M. GULLICK, Appellant, v. INTERSTATE DRILLING COMPANY (a Corporation) et al., Respondents.

Henry M. Lee and Spencer Austrian for Appellant.

Pacht, Pelton & Warne and Perry F. Backus for Respondents.

THOMPSON (IRA F.), J.—This appeal purports to be one from a judgment of nonsuit. Whether it is will depend upon the conclusion reached upon the contention of the respondents that the appeal should be dismissed. Heretofore a motion was made by them for a dismissal of the appeal and was by this court denied. (*Gullick* v. *Interstate Drilling Co.*, 100 Cal. App. 243 [279 Pac. 828].) ■ Since that time they have made a motion for diminution of the record which was granted, and the record is now supplemented by a copy of the minutes of the court for October 15, 1928, the material part of which reads as follows: "Motion of all defendants, by attorney Isaac Pacht for nonsuit is by the Court granted." It is to be noted that the judgment was

signed four days later, or on October 19th. The notice of appeal which refers only to the judgment of October 19th was filed November 7, 1928, well within the time even though it started to run on October 15th. In view of the fact that the appeal was well within the sixty-day period and also that the respondents could not possibly have had any doubt concerning the intention of the appellant to have reviewed the action of the court in granting a nonsuit, the dismissal of the present appeal would be the result of an insistence upon a pure technicality without either rhyme or reason. It would amount to reliance upon the shadow and not the substance. The law, however, does not require us to so act. It is to be observed that in *Bengel* v. *Traeger,* 100 Cal. App. 526 [280 Pac. 538], the sixty-day period had not only run when counted from the entry of the order of nonsuit on October 30, 1928, but also when reckoned from the entry of the so-called formal judgment on January 3d, before the notice of appeal was filed on March 26, 1929. So, too, in *Burks* v. *Bronson,* 58 Cal. App. 143 [207 Pac. 1018], the second judgment was entered a month after the order of nonsuit was "entered on the minutes and noted in the register of actions by the clerk". In *Estate of Yale,* 208 Cal. 102 [280 Pac. 358, 359], the Supreme Court said: "Without in any manner attempting to minimize the force of the authorities cited and relied upon by the respondents in support of their motion, it is our conclusion, founded on a reading of the several minute orders and of that portion of the formal judgment hereinabove quoted, that the minute orders were intended by the trial court, and must have been understood by the parties, to be and to serve merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause. In such a case an appeal is held to lie from the formal judgment. (*Ferris* v. *Baker,* 127 Cal. 520, 523, 524 [59 Pac. 937] ; *Larson* v. *Larson,* 15 Cal. App. 531, 536 [115 Pac. 340].)" In the case of *Ferris* v. *Baker,* just cited, it is said: "The order in this case was a mere narration by the clerk as follows: 'Defendants move the court for nonsuit on the grounds stated. Said motion is argued and thereupon granted.' The order did not show what were the grounds of the motion; it did not purport to be a dismissal of the action nor a judgment of any kind, and was,

in fact, but a memorandum affording data from which a judgment or proper order might be drafted—similar to the minute made when a decision is announced directing that judgment pass for one party or the other.'' The identical observations may with all propriety be made concerning the minute entry here in question. In *Larson* v. *Larson, supra,* we also find appropriate language as follows: "We are inclined to think, however, that the first order was merely 'a memorandum affording data from which a judgment—might be drafted', and that therefore the order of September 22d was the proper one from which to take the appeal. The Supreme Court so held in a similar case. (*Ferris* v. *Baker,* 127 Cal. 520 [59 Pac. 937].) The appeal was in time even if the order of nonsuit was entered as claimed by respondent. The error complained of, even if it existed, could not possibly have misled anyone, for the notice of appeal identified the order appealed from with reasonable certainty. That is all that is required. (Code Civ. Proc., sec. 941b.) Such errors have always been disregarded. (See *Weyl* v. *Sonoma Valley Ry. Co.,* 69 Cal. 202 [10 Pac. 510] ; *Anderson* v. *Goff,* 72 Cal. 65 [1 Am. St. Rep. 34, 13 Pac. 73] ; *Paul* v. *Cragnaz,* 25 Nev. 293 [47 L. R. A. 540, 57 Pac. 857, 60 Pac. 983] ; *British Bark Latona* v. *McAllep,* 3 Wash. Ter. 332 [19 Pac. 131].) '' Our conclusion is that an appeal has been duly taken.

We therefore turn to the question whether the nonsuit was properly granted. The action was upon a promissory note. The testimony adduced to support the plaintiff's cause of action shows in effect that the plaintiff had, through his nephew C. M. Gullick, loaned to the respondent Interstate Drilling Company, upwards of $16,000; that the note sued upon for $5,162 was delivered to him by his nephew signed "Interstate Drilling Co. H. Director Pres. C. M. Gullick, Sec. S. Malis", and indorsed on the back by C. M. Gullick, H. Director and A. Zimmerman; that appellant took the note to his bank, where he discounted it, indorsing it and guaranteeing payment; that when the note fell due it was not paid by the payor and indorsers and he was obliged to pay it; that after the bank was paid a pen was drawn through his name where it appeared as an indorser; that he could not give the exact amounts going to make up the note of $5,162 because his nephew C. M. Gullick kept the

books for him. The note was delivered to him by his nephew, the defendant C. M. Gullick, who was not called as a witness. The face of the note waived "diligence, demand, presentment, protest and notice of protest". The signatures of the indorsers were admitted by stipulation.

The motion for a nonsuit was made on behalf of the defendant H. Director by counsel, who also represented the defendant Interstate Drilling Company and was accompanied by the statement by that counsel that the defendant Zimmerman "joins in or is joining in" the motion. No response was forthcoming from counsel who represented the last-named defendant. After argument the court announced that the motion was granted, but the judgment recites that the motion was made and granted as to defendants Director, Zimmerman and Interstate Drilling Company and awards costs, not only to them, but also to the remaining defendants, C. M. Gullick and S. Malis. The grounds of the motion of the defendant Director as stated by his counsel were: That the note sued upon was "not the note of the Interstate Drilling Company; that no authority for its execution" had "been established"; that the indorsers had been discharged from liability by reason of "a material alteration of the instrument" and by a renewal thereof without their knowledge or consent.

The plaintiff was seventy-nine years of age and at times somewhat confused in his testimony, but when we apply the rule which should be made use of upon a motion for a nonsuit it becomes apparent that the judgment should be reversed. The rule alluded to is that "where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiffs". (*Berger* v. *Lane,* 190 Cal. 443 [213 Pac. 45, 49].) So far as the defendants Interstate Drilling Company, C. M. Gullick and S. Malis are concerned it is obvious that the judgment is erroneous for the reason that no motion for a nonsuit was made by either of them. Section 581 of the Code of Civil Procedure does not authorize the court of its own motion to order a nonsuit at the conclusion of the plaintiff's testimony. It must be on motion of the defendant. We have serious doubts also as to whether we may consider that a motion was made by the defendant Zimmerman, but for

reasons about to be stated the question becomes immaterial.
By section 1963, subdivision 22, it is provided that it shall be presumed until controverted "that an indorsement of a negotiable promissory note or bill of exchange was at the time and place of making the note or bill". It having been stipulated that the defendants Zimmerman and Director indorsed the note it must be inferred that the note was signed by the makers at the same time. In this connection it is to be noted that the defendant H. Director purported to sign the note as president of the defendant corporation and that the secretary was C. M. Gullick, who delivered the note to plaintiff. It is hardly conceivable that the defendant H. Director would have indorsed a note purporting to be signed by him as president of the corporation unless he had in fact executed it.

There is no merit in the point that there was an alteration of the note. The testimony indicates that a pen was drawn through the signature of plaintiff after he had paid the bank. In other words, his indorsement thereof was withdrawn. This cannot be claimed to be an alteration of the note. Nor was there any evidence of a renewal of the note. The testimony which appellants say is capable of this construction is that which relates to the payment of the bank which at the instance of the plaintiff discounted the note.

Judgment of nonsuit reversed.

Works, P. J., and Craig, J., concurred.