[Civ. No. 7918. Second Appellate District, Division Two.—September 22, 1932.]

GEORGE GRAF, Appellant, v. MONTECITO COUNTY WATER DISTRICT, Respondent.

CURTIS PAYTON, Appellant, v. MONTECITO COUNTY WATER DISTRICT, Respondent.

EDWARD W. SANDELL, Appellant, v. MONTECITO COUNTY WATER DISTRICT, Respondent.

BACILIO PADILLA, Appellant, v. MONTECITO COUNTY WATER DISTRICT, Respondent.

Butcher & Haines, Robertson & Crawford and Maxwell Nichols for Appellants.

Heaney, Price & Postel and Marjorie Champion for Respondent.

CRAIG, Acting P. J.—Several actions for damages alleged to have been sustained from personal injuries incurred by the respective plaintiffs therein were filed, consolidated for the purposes of trial, and were tried to the conclusion of the plaintiffs' evidence in the Superior Court of Santa Barbara County. The defendant, an incorporated water district, interposed a formal motion in writing for dismissal of said actions, upon the ground that from all of the evidence adduced it appeared that the superior court was without jurisdiction of the subject matter thereof, that each of the plaintiffs was an employee of the defendant, that he was injured in the performance of services growing out of and incidental to such employment, that said injuries were proximately caused by the alleged employment, and that the jurisdiction of their demands lay in the Industrial Accident Commission. Said motion was dated and filed on April 7, 1931. Two days thereafter, and on April 9, 1931, after argument of counsel, the trial court announced and there was entered in the clerk's minutes the following:

" . . . Defendant's motion for a judgment of nonsuit having heretofore been submitted to this court for consideration and decision and the court having duly considered the same, and being fully advised in the premises now renders its decision thereon from the bench and orders that said motion be and the same is hereby granted. Let judgment be entered accordingly. . . . "

On the same day, April 9, 1931, there was prepared and presented to, and signed by, the judge of said superior

court a formal "Judgment" in writing, the material portions of which were as follows:

" . . . each and all of the plaintiffs having rested their case; and in the above-entitled actions as consolidated the defendant having made and presented its motion for a judgment of nonsuit dismissing said actions, and each of them, upon the ground that upon the trial the plaintiffs had failed to prove a sufficient case for the jury in this, that it appears from all the proof of plaintiffs that this court has no jurisdiction of the subject matter of said consolidated actions for the reason that said plaintiffs were, at the time of the occurrence of the injuries complained of and proven, herein, employees of defendant Montecito County Water District, an employer as defined and contemplated by the 'Workmen's Compensation, Insurance and Safety Act of 1917', . . . ; that said Industrial Accident Commission of the State of California has sole and exclusive jurisdiction of the claims of the plaintiffs proven in these actions, and of the subject matter of these actions, and that this court is entirely without jurisdiction of the claims of the plaintiffs proven in these actions, and of the subject matter of these actions, and that this court is entirely without jurisdiction in the premises; and said motion having been argued by counsel for the respective parties hereto, and submitted to the court, and the court having duly considered the same, and being advised in the premises, and good cause appearing therefor,

"Now, therefore, it is hereby ordered, adjudged and decreed that the motions for nonsuit dismissing said actions, and each of them, be, and the same are hereby granted, and the above entitled actions are, and each of them is, hereby dismissed."

The latter, as so signed and dated, was entered by the clerk on April 10, 1931, in Book U of Judgments, at page 370, and on April 13, 1931, the respondent served upon counsel for the respective plaintiffs its notice in writing, as follows:

"You, and each of you, will please take notice that the judgment in the above-entitled cause was signed by Judge S. E. Crow on April 9th, 1931, and was filed on April 10th, 1931, and entered by the clerk of said Superior Court on the

10th day of April, 1931, in Book 'U' of Judgments at page 370.''

On the day following each of the plaintiffs filed his notice of appeal ''from the judgment herein made and entered in said Superior Court on the 10th day of April, 1931, in favor of the defendant, Montecito County Water District, and against the plaintiff in each of said actions, and from the whole of said judgment.'' By the instant proceeding the respondent presented a motion to dismiss said appeal upon the ground that said causes were dismissed by the order of April 9, 1931, entered in the minutes of the trial court, and that by such order and entry all proceedings were terminated, that the trial court was thereby deprived of jurisdiction to make any further order or judgment, and that the purported formal judgment entered on April 10th was superfluous, ineffective, and afforded no basis for an appeal.

Section 531 of the Code of Civil Procedure provides that: ''An action may be dismissed, or a judgment of nonsuit entered in the following cases: . . . (5) By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. . . . The dismissals mentioned in subdivisions three, four, and *five* of this section must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered.'' Yet, while effective for all purposes, including that of appeal, it does not follow nor can it be said that such an order when entered is exclusive of other additional rights of the plaintiff in the trial court prior to appeal. *Brown* v. *Sterling Furniture Co.*, 175 Cal. 563 [166 Pac. 322], cited by the respondent, clearly so holds. The Supreme Court there observed that the words of the clause last quoted ''direct attention, first, to the fact that in terms our law recognizes 'a judgment of nonsuit' as distinguished from a judgment of dismissal, and further declares that the order of nonsuit entered upon the minutes of the court constitutes this judgment of nonsuit, since the law declares that such an order so entered is 'effective for all purposes'. In the present state of the law, then, it would appear that such a judgment of nonsuit, as distinguished from a judgment of dismissal usually following an order of nonsuit, is appealable.'' It is in effect conceded

by the parties that a formal judgment has in numerous instances been held a sufficient legal basis for appeal. In *Estate of Yale*, 208 Cal. 102 [280 Pac. 358], the rule was expressly announced in the following language:

"Without in any manner attempting to minimize the force of the authorities cited and relied on by the respondents in support of their motion, it is our conclusion, founded on a reading of the several minute orders and of that portion of the formal judgment hereinabove quoted, that the minute orders were intended by the trial court, and must have been understood by the parties, to be and to serve merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause. In such case an appeal is held to lie from the formal judgment. (*Ferris* v. *Baker*, 127 Cal. 520, 524 [59 Pac. 937] ; *Larson* v. *Larson*, 15 Cal. App. 531, 536 [115 Pac. 340].)

"The motion to dismiss the appeals from the several minute orders hereinabove referred to is granted. The motion to dismiss the appeal from a portion of the judgment is denied."

It must be observed in the instant proceeding that the understanding of the court and of the parties as to such distinction, of the steps taken accordingly, and of their reliance upon the necessity of a formal judgment of dismissal from which an appeal might be taken, is not devoid of plain evidence upon the face of the record. The defendant's motion for a "nonsuit dismissing said action" was submitted to the court; by its minute order "defendant's motion for a nonsuit" was granted; thereafter by a formal judgment reciting such facts it was adjudged and decreed that "the above entitled actions are, and each of them is, hereby dismissed". The defendant thereupon served and filed its notice of the entry of the final judgment dismissing said actions. Further, it has already been observed that both such minute order and judgment were obtained from the court on April 9, 1931, and the time for appeal as to each started to run on the same day. Upon similar facts it has been held that an appeal must be held to have been duly taken. In *Gullick* v. *Interstate Drilling Co.*, 111 Cal. App. 263 [295 Pac. 549], upon a review of numerous authorities, it was said of an appeal from a minute order

of nonsuit, followed by a judgment four days thereafter, from which latter an appeal was perfected: "The notice of appeal which refers only to the judgment of October 19th, was filed November 7, 1928, well within the time even though it started to run on October 15th. In view of the fact that the appeal was well within the sixty-day period and also that the respondents could not possibly have had any doubt concerning the intention of the appellant to have reviewed the action of the court in granting the nonsuit, the dismissal of the present appeal would be the result of an insistence upon a pure technicality without either rhyme or reason. It would amount to reliance upon the shadow and not the substance. The law, however, does not require us to so act."

The motion to dismiss the appeal is denied.

Thompson (Ira F.), J., and Stephens, J., *pro tem.*, concurred.