[Civ. No. 12128. Second Appellate District, Division Two.—March 15, 1939.]

SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Respondent, v. GOLDEN STATE SECURITIES COMPANY (a Corporation), Appellant.

Newby & Newby and Dee Holder for Appellant.

Earl Warren, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a purported judgment and purported orders made after the entry of the judgment, and the case comes before us on the motion of the respondent to dismiss the appeal upon the ground that no appeal lies from a mere memorandum of the clerk which on its face indicates that formal judgment or order is to be thereafter entered.

Judgment was entered on July 26, 1938. Thereafter plaintiff and defendant filed motions for a new trial, and plaintiff filed a motion to vacate and set aside the judgment theretofore entered. Said motions came on for hearing, were argued and submitted, and on September 27, 1938, the clerk made the following memorandum on the clerk's desk calendar: "Motion of plaintiff to vacate and set aside judgment and enter another and different Judgment submitted August 17, 1938, is now granted. Judgment is now ordered for the plaintiff and against the defendant in the sum of $6,995.44, with interest thereon at 7% from July 30, 1937, to date, attorney fees in the sum of $311.23 and costs. Plaintiff's motion for a new trial submitted August 17, 1938 is now denied, except as hereinbefore provided. Defendant's motion for a new trial submitted August 17, 1938 is now denied."

It will be observed from a mere reading of the memorandum that it is neither a judgment nor an order. Instead of rendering judgment, the memorandum says, "Judgment is now ordered." It also contains an order for attorney fees, but it does not state in whose favor the judgment for attorney fees is to be rendered.

In the case of *Neblett* v. *Neblett*, 13 Cal. App. (2d) 304 [56 Pac. (2d) 969], this court reviewed numerous cases where

such a question has arisen: "It has been held in a number of cases that a minute order may serve only as a memorandum for the entry of final judgment. In *Ferris* v. *Baker,* 128 Cal. 520 [59 Pac. 937], it was argued that an appeal from a formal order should be dismissed because it was taken more than six months after a previous minute entry of the court's decision. The court in rejecting this contention said: 'The order in this case was a mere narration by the clerk as follows: "Defendants move the court for nonsuit on the grounds stated. Said motion is argued and thereupon granted." The order did not show what were the grounds of the motion; it did not purport to be a dismissal of the action nor a judgment of any kind, and was, in fact, but a memorandum affording data from which a judgment or proper order might be drafted—similar to the minute made when a decision is announced directing that judgment pass for one party or the other. Obviously, no execution could have issued on such an order when a cause is submitted on evidence on both sides.' In *Estate of Yale,* 208 Cal. 102 [280 Pac. 358], the court dismissed an appeal from the minute order and denied a motion to dismiss an appeal from a later formal order. The court said: 'It is our conclusion, founded on a reading of the several minute orders and of that portion of the formal judgment hereinabove quoted, that the minute orders were intended by the trial court, and must have been understood by the parties, to be and to serve merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause. In such case an appeal is held to lie from a formal judgment.' In *Scrimsher* v. *Reliance Rock Co.,* 1 Cal. App. (2d) 382 [36 Pac. (2d) 688], the court said: 'But where the minute order was intended by the trial court and must have been understood by the parties to be, and served merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause, the appeal lies from the formal judgment and the time within which it may be taken begins to run from the date of its signing.' See, also, *Macnevin* v. *Macnevin,* 63 Cal. 186; *Gullick* v. *Interstate Drilling Co.,* 111 Cal. App. 263 [295 Pac. 549]."

In our view the clerk's memorandum is unavailing for any purpose except to indicate how the court intends to render its judgment and orders, and an appeal does not lie in this

case from the said memorandum. The appeal will lie when the court renders judgment and makes said orders.

Appeal dismissed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1939.