[No. 9030.    Department Two. — March 30, 1886.]

HENRY WEYL, RESPONDENT, *v.* SONOMA VALLEY RAILROAD COMPANY ET AL., APPELLANTS.

APPEAL — NOTICE — DESIGNATION OF JUDGMENT OR ORDER APPEALED FROM, — A notice of appeal, sufficient in other respects, will not be held insufficient merely because it incorrectly states the date on which the judgment and order appealed from were entered, if the record on appeal shows that there has been but one judgment or order of the kind appealed from entered in the cause.

ID. — EXCEPTION TO DECISION — INSUFFICIENCY OF EVIDENCE — TIME OF APPEAL — JUDGMENT.— An exception to the decision on the ground of the

insufficiency of the evidence will not be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment.

NEW TRIAL — NOTICE — MINUTES OF COURT — EVIDENCE — SPECIFICATION OF PARTICULARS. — A notice of motion for a new trial, to be made upon the minutes of the court, on the ground that the findings and decision are not justified by the evidence, must specify the particulars wherein the evidence is claimed to be insufficient.

STREET — DEED BOUNDED BY — OWNER PRESUMED TO HOLD TO CENTER — SONOMA PUEBLO LANDS — SALES OF. — Under section 831 of the Civil Code, the owner of land bounded by a road or street is presumed to own to the center of the way, unless the contrary be shown; and if the land be described in a deed as so bounded, it is presumed to extend to the center of the street or road, unless a contrary intention appear. This rule obtains as to sales of Sonoma pueblo lands made by the pueblo commissioners under the act of March 30, 1868.

ID. — OWNER MAY MAINTAIN EJECTMENT FOR STREET. — The owner in fee of land, subject to an easement over it for a public highway, may maintain ejectment against an intruder.

ID. — USE OF STREET BY STEAM RAILROAD — COMPENSATION TO ABUTTING PROPRIETOR. — A steam railroad corporation cannot acquire a right of way for its road over a street in a municipality, the fee in which is owned by an abutting proprietor, except upon compensation first made to him.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. S. Lippett,* for Appellants.

*George A. Johnston,* for Respondent.

FOOTE, C.—The transcript in this cause being very defective was made intelligible by stipulation between counsel on both sides, and by a certificate of the clerk of the court below filed in this court under rule 12.

The respondent makes the point that the appeal is not well taken, and should not be considered, for the reason that the notice of appeal does not give the correct date of the entry of the judgment and order denying a new trial, from which the appeal is sought to be prosecuted.

The object of such a notice is to impart the requisite information to the opposite party of his opponent's in-

tention to appeal, and what specific judgment or order is appealed from, and if the notice is sufficiently explicit in these particulars it should be declared sufficient.

The notice of appeal under consideration correctly states the title of the cause, and only fails of being sufficient in all other respects, as is admitted by the respondent, because it incorrectly gives the date at which the judgment and order appealed from were entered; it also appears by the record that there has been but one judgment or order of the kind appealed from entered in the cause.

From this it would appear that the said notice ought not to be declared void, but the mistake of dates merely should be regarded in this case as a clerical misprision.

The exception that the decision in this case is not supported by the evidence, we cannot review on the appeal from the final judgment, because the former was not taken within sixty days from the rendition of the latter. (Code Civ. Proc., sec. 939.)

The motion for a new trial was made upon the minutes of the court, and the ground taken therein, that the findings and decision in the cause were not justified by the evidence, is not tenable, and the motion was properly denied, as the notice of motion did not contain any specifications of particulars wherein the evidence was alleged not to sustain said findings and decision. (Code Civ. Proc., sec. 659, subd. 4; *Eddelbuttel* v. *Durrell*, 55 Cal. 277.)

Appellants claim further, that the court should have dismissed the action as to Mr. Donahue, that a demurrer filed to the complaint should have been sustained, and that the findings do not support the judgment.

The action was ejectment, to recover from the defendants, the Sonoma Valley Railroad Company and Peter Donahue, the possession of the north half of Spain Street, extending for 350 feet in front of and adjoining lot 27 and part of lot 28 in the town of Sonoma, in Sonoma

County, California, subject only to the easement of the
public to use it as a street.

It is claimed that in the complaint it did not properly
appear how Mr. Donahue was jointly or severally inter-
ested with the railroad company, defendant, in the acts
complained of.   That the complaint did not state facts
sufficient to constitute a cause of action, and that it was
uncertain in not making it to appear whether the plain-
tiff sued the defendants for obstructing a highway or
for damage to private property by reason of such obstruc-
tion.

It is not doubtful for what purpose the suit was
brought; it was to recover in ejectment the premises
sued for, and damages for its unlawful withholding by
the defendants.

Mr. Donahue was properly joined as a party defend-
ant as to all the acts complained of by the plaintiff, and
there is nothing in the transcript which discloses any
error on the part of the court in not dismissing the ac-
tion as to him.

The complaint alleged ownership in fee by the plain-
tiff to the premises in controversy, and that while he was
so seised and possessed he was ejected and ousted there-
from by the defendants, who have from that date, the
31st of January, 1882, withheld the possession thereof
from him.   Restitution of the premises and damages for
its detention are prayed for.

But the appellants contend that, inasmuch as the
plaintiff has alleged title and right of possession to the
premises, subject to the easement of the public to the use
thereof as a street, that he has mistaken his remedy.
That as against the defendants, a steam railroad corpora-
tion and Peter Donahue, operating their road over the
street, such an action will not lie, although perhaps one
for damages might be maintained, as the injury was es-
pecial in its nature.

And it is further urged by the defendants that, as the

public had the right to use the street in common with the plaintiff, that although the fee of it might be in him, the exclusive right of possession thereto had never been nor could be.

There is no dispute about the fact that the plaintiff's lots were bounded by Spain Street in the former pueblo, and are now bounded thereby in the present town of Sonoma.

By section 831, Civil Code, the owner of land bounded by a road or street is presumed to own to the center of the way, unless the contrary be shown. And if it is described in a deed as so bounded, it will be considered as extending to the center of the street or road, unless a contrary intention is shown. (Civ. Code, sec. 1112; Code Civ. Proc., sec. 2077, subd. 4–6; *Moody* v. *Palmer*, 50 Cal. 31; *Kittle* v. *Pfeiffer*, 22 Cal. 484; *Webber* v. *California and Oregon R. R. Co.*, 51 Cal. 425.)

And in *Coburn* v. *Ames*, 52 Cal. 385, it was held that the owner of the fee in land, subject to the easement over the same for a public highway, may maintain ejectment for it as against an intruder.

But the appellants allege that section 465, Civil Code, subdivision 5, gives them the absolute right to use the street for the purpose of running their steam railroad over it; that section 470, Civil Code, only restricts such user in a case where it has not been granted by the city authorities over some street in its corporate limits, and that the town of Sonoma was not incorporated at the time the street was taken possession of by them, as shown by the complaint.

The state constitution provides, however, that private property cannot be taken or damaged for any public use, save upon compensation first made, etc. And no right of way over a street is allowed for the use of any other than a municipal corporation, save upon compensation ascertained by a jury, etc. (Const. Cal., sec. 14.) The procedure to accomplish which must be in accordance with section 1248, Code Civ. Proc.

We cannot agree to the rightfulness of defendant's contention that a different rule should prevail with respect to the ownership of a street up to its center, or thread, on which one's lot abuts, where sales of Sonoma pueblo lands have been made by the commissioners authorized so to do, from sales of lands made by other persons. (Stats. 1867–8, p. 578.) The demurrer was, we think, properly overruled.

And the findings which, among other things, declare the plaintiff to be the owner of the fee and entitled to the possession of the lots on Spain Street in the town of Sonoma, and of the said street in front of said lots to its center, and that defendants took possession of said street unlawfully, and without any grant or permission from the board of supervisors of Sonoma County, and ejected and ousted plaintiff therefrom on January 31, 1882, and have so continued to do, support the judgment.

The judgment and order denying defendants a new trial should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.