[No. 13178.   In Bank. — February 10, 1890.]

## G. A. SWASEY, Respondent, v. C. H. ADAIR et al., Appellants.

Appeal — Dismissal — Certificate to Undertaking — Curing Defect. — The insertion in the transcript of a copy of the undertaking on appeal, with its indorsements, certified by the county clerk to be correct, does not satisfy the express requirement of section 953 of the Code of Civil Procedure, that the clerk or attorneys must certify that an undertaking in due form has been properly filed; but such defect is not ground for dismissal of the appeal, if the appellant offers to file an amended certificate to cure the defect at the hearing of the motion, in accordance with rule 13 of the supreme court.

Id. — Notice of Appeal — Undertaking — Mistake as to Date of Judgment. — If there is but one judgment in the case, a slight mistake as to the date of its entry will not invalidate the notice of appeal or undertaking, or form a ground for dismissal of the appeal. A mistake in the day is immaterial; and a mistake in the year which is an obvious slip of the pen, and corrects itself, will not vitiate the undertaking, if the judgment is otherwise correctly described, so that the sureties on the undertaking would be bound by it.

Id. — Sufficiency of Sureties — Failure to Justify. — The failure of the sureties on an appeal bond to justify when excepted to is no ground for dismissing the appeal, but only affects the stay of execution.

Id. — Interlineations in Transcript. — The disfiguring of the printed transcript by interlineations is not per se ground for dismissing the appeal or reprinting the transcript, if the case is not worse than others that have been tolerated.

Id. — Merits of Appeal. — The merits of an appeal cannot be considered on a motion to dismiss.

Motion to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*John F. Burris*, for Appellants.

*C. E. Royce*, for Respondent.

Beatty, C. J.— The respondent in this case moves on several grounds to dismiss the appeal.

1. The transcript contains a copy of an undertaking on appeal, with its indorsements, certified by the county

clerk to be correct, from which it appears that an under-
taking on appeal in due form was properly filed, but
this court has held that such evidence of compliance
with the statutory provisions as to taking and perfect-
ing appeals (Code Civ. Proc., secs. 940 et seq.) does not
satisfy the express requirement of section 953, that the
clerk or attorneys must certify that an undertaking in
due form has been properly filed. (*Railroad Co.* v. *Ander-
son*, 77 Cal. 299.)

In this case, however, the appellant has offered to do
what in that case it refused or neglected to do, i. e., to
file an amended certificate pursuant to our rule No. 13.
I think he should be allowed to file his amended certifi-
cate, and that such amended certificate should be held
to cure the defect in the original.

2. The notice of appeal properly entitled in the ac-
tion, and dated and served on February 6, 1889, refers
to the judgment as entered October 24, 1888, and to the
order denying a new trial as entered January 25, 1889.
The date of the order is correctly given, but the judg-
ment was rendered on the 23d and entered on the 26th
of October. There was, however, but one judgment in
the case, and it cannot be held that the slight mistake
in the date of its entry had the effect of invalidating the
notice of appeal.

3. The undertaking on appeal was dated and filed
February 6, 1889, and was properly entitled in the ac-
tion. It recites a judgment entered October 24, 1889,
and an order denying a new trial dated January 25, 1889.
Here the year as well as the date of the judgment is in-
correctly stated, but the mistake in the year is an obvious
slip of the pen, and corrects itself, and the mistake as to
the day is immaterial. Beside, the judgment is other-
wise correctly described, so that the sureties on the
undertaking would be bound by it, and therefore it is
sufficient.

4. The sufficiency of the sureties was excepted to, and

they failed to justify.    This is no ground for dismissing the appeal.    It only affects the stay of execution. (*Wittram* v. *Crommelin*, 72 Cal. 89, and cases cited.)

· 5. The printed record is badly disfigured by interlineations, but it is not worse than others that have been tolerated here.    It is not so bad as to call for a dismissal of the appeal or a reprint of the record.

6. It is claimed that the appeal is without merit.    We cannot consider that question on a motion to dismiss.

The appellant may file an amended certificate, and the motion to dismiss is overruled.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., FOX, J., and THORNTON, J., concurred.