[Nos. 13165 and 13166. In Bank. — April 4, 1891.]

JOSEPH P. DYER, RESPONDENT, v. RICHARD BRAD-LEY, APPELLANT, AND JOSEPH P. DYER, RESPOND-ENT, v. JOHN MARTIN, APPELLANT.

APPEAL — UNDERTAKING — INCORRECT RECITAL — DATE OF ORDER APPEALED FROM. — An undertaking on appeal is sufficient, although incorrectly reciting the date of the order appealed from, if there is but one order and one appeal, and the undertaking in all other respects correctly describes them.

ID. — DISMISSAL — FAILURE TO FILE TRANSCRIPT — SPECIFICATION OF GROUNDS OF MOTION — NUMBERING OF FOLIOS. — Upon a motion to dismiss an appeal, upon the ground of a failure to file a transcript as required by the rules of the court, an objection that the folios of the transcript are not numbered as required by the rules should be distinctly specified in the motion to dismiss, in order to allow the appellant to amend the defect, and if not so specified, the objection will not be regarded.

MOTION to dismiss appeals from a judgment of the Superior Court of Alameda County, and an order granting a discharge in insolvency.

The facts are stated in the opinion of the court.

*Campbell & Wright,* for Appellants.

*Pillsbury & Blanding,* for Respondent.

BEATTY, C. J. — In each of these cases respondent moves to dismiss the appeal on two grounds: 1. That no undertaking on appeal has been filed; 2. That no transcript of the record has been filed as required by the rules of this court, and that the time for such filing has expired.

The point of the first objection is, that whereas the order appealed from was made on December 8th, and was so correctly described in the notice of appeal, the undertaking on appeal recites that an appeal has been taken from an order made December 11th.

But since there was but one order and one appeal,

both correctly described in the recital in the undertaking in all other respects except the date of the order, there can be no question that the sureties would be bound in case of a dismissal of the appeal or affirmance of the order, and therefore the undertaking is sufficient. (*Swasey* v. *Adair*, 83 Cal. 136.)

The point of the second objection is, that the folios of the transcript which was on file when the notice to dismiss was served are not numbered as required by our rule.

But this was an objection that should have been distinctly specified in the notice of motion to dismiss, in order to give the appellant an opportunity to amend the defect. It was not so specified in the notice, and therefore cannot be regarded. (Rule 13.)

For our own convenience in examining the record we might still require the appellant to number the folios of the transcript on file, but as it is extremely brief, such an order seems unnecessary.

Motions denied.

DE HAVEN, J., McFARLAND, J., HARRISON, J., SHARP-STEIN, J., and GAROUTTE, J., concurred.