[Civ. No. 832.   Second Appellate District.—December 13, 1910.]

J. B. BONETTI, Respondent, v. A. M. RUIZ, Administrator of the Estate of MARY TYLER, Deceased, Appellant.

INJUNCTION—DIVERSION OF WATER PERCOLATING FROM PLAINTIFF'S WELL IN PUBLIC ROAD—PERMISSION OF SUPERVISORS—OWNERSHIP OF LAND SUBJECT TO EASEMENT—PROPER REMEDY.—Where plaintiff's premises abut on each side of a public road, and plaintiff owns the fee in the road subject to the easement, and has a well on his land near the road, from which water percolates beneath the road, and the supervisors of the county assumed to grant the right

to the defendant to sink a well in the road and to extract and carry therefrom any water developed therein, which injured plaintiff's well and land, and depreciated its value, an injunction will lie to restrain the defendant from the further extraction and removal of such percolating water. An injunction, and not ejectment, is the proper remedy for such grievance.

ID.—REMEDY BY EJECTMENT—WHEN APPLICABLE.—The remedy by eject-ment is applicable only where parties enter upon and use for im-proper purposes the surface of the ground which constitutes the extent of the easement. Though such remedy might lie for the obstruction and unauthorized use of the surface of the public road, yet where no order was made or asked on that account, the exist-ence of such remedy is immaterial.

ID.—INTERFERENCE WITH WATER RIGHTS PART OF FEE—REMEDY BY INJUNCTION.—Where the defendant is shown to be removing and carrying away percolating water beneath the surface of the ground which is part of the fee, and is wholly disconnected from the easement, outside of what right the public authorities might possess to extract sufficient water for the care of the road, which was not the right granted by them, the acts of the defendant were wrongful and injunction was the proper remedy to prevent such wrongful acts from ripening into a right. An injunction always lies to re-strain threatened permanent interference with water rights.

ID.—NO DISTINCTION BETWEEN PERCOLATING WATER AND RIPARIAN RIGHTS AS TO INJUNCTION.—There should be no distinction as to the remedy by injunction between the rights of the owner of the fee in the percolating water and that of the riparian owner along the stream.

ID.—FINDING AS TO PLAINTIFF'S OWNERSHIP OF LAND—SUFFICIENCY OF EVIDENCE—CONFLICT.—Though the evidence is conflicting as to the extent of the land owned by the plaintiff upon which defendant's well was constructed, yet there is evidence tending to show that the well constructed by the defendant was upon the premises described as belonging to plaintiff, and where the trial court, after hearing the witnesses and having before it the maps and exhibits, and after considering the conflicting testimony found in plaintiff's favor, the finding as to plaintiff's ownership cannot be disturbed.

ID.—TESTIMONY OF PLAINTIFF AS TO DIVISION FENCE—OBJECTION TO REPETITION OF ANSWER PREVIOUSLY GIVEN.—Where the plaintiff had previously testified as to the division line between his land and that of a neighbor, without objection, and there was other evi-dence tending to show the true line as testified by him, the allow-ance over objection of a repetition of the same answer, assuming it to be improper, was without prejudice.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

C. U. Armstrong, and Richards & Carrier, for Appellant.

B. F. Thomas, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment upon a bill of exceptions.

It was found by the trial court that plaintiff was the owner in fee of the premises described in the complaint, subject to an easement in the public for a road. Plaintiff's premises abutted upon said road on either side. The board of supervisors of Santa Barbara county granted defendant permission to sink a well in said road and extract and carry therefrom any water developed. Plaintiff already had a well on his premises adjoining said road, the water therefrom being used on his said premises. It was found by the court that the water taken from this well in the road was percolating water in plaintiff's land over which said road ran; that the extraction of said water would work a great injury to plaintiff's lands and depreciate their value. The court by its order restrained defendant from further extracting or from conducting the water from plaintiff's land.

Appellant challenges the sufficiency of the evidence to support the issue as to plaintiff's ownership in the tract as described in the complaint upon which defendant's well was constructed. The evidence in the bill of exceptions is somewhat confusing as to this matter, but we find some evidence tending to show that the well constructed by defendant was upon the premises described. The trial court, after hearing the witnesses and having before it the maps and exhibits, and after considering the conflicting testimony, found in plaintiff's favor. Under the rule, we do not feel warranted in. disturbing this finding. Plaintiff had testified that a certain fence between his land and that of another rancho had existed in its present location since 1889; that he had owned the property since 1901; that ever since his ownership the premises had been cultivated up to the fence by plaintiff. He was then asked: "What, if anything, has been accepted and acted upon as the true division line between your land and Mr. Tognazzini's?" An objection to this question was

overruled, and this is assigned as error. The answer to the question was but a repetition of what the witness had formerly testified to without objection, and we can see no prejudice which could have resulted from the ruling, even were the improper character of the question assumed. Aside from this, there was evidence tending to show that this fence was the true line of division.

Appellant further insists that, under the pleadings and findings, a writ of injunction should not issue; that ejectment was the proper remedy, and cites as authority *Coburn* v. *Ames*, 52 Cal. 385, [28 Am. Rep. 634]; *Weyl* v. *Sonoma Valley R. R. Co.*, 69 Cal. 202, [10 Pac. 510]. Those cases, however, have to do with parties who enter upon and use for improper purposes the surface of the ground which constitutes the extent of the easement. In the case before us, the defendant is shown ·to be removing and carrying away percolating water which is a part of the fee and which is wholly disconnected from the easement, outside of the right which the proper authorities might possess to extract sufficient water for proper maintenance and care of the road. No order was made, nor was any asked, which would affect the nuisance occasioned by the obstruction of the road, or on account of its unauthorized use. That defendant's acts are wrongful cannot be questioned, and when wrongful acts may ripen into a right, courts of equity have uniformly assumed jurisdiction and in proper cases given relief through injunction. An injunction always lies to restrain threatened permanent interference with water rights (Angell on Watercourses, sec. 445), and there should be no distinction in this regard between the rights of the owner of the fee in the percolating water and that of the riparian owner along the stream.

We find no prejudicial error in the record, and the judgment is affirmed.

Shaw, J., and James, J., concurred.