[Civ. No. 1385.   Second Appellate District.—July 31, 1913.]

MARTHA E. MULVEY et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

INJUNCTION—JURISDICTION TO REVIVE OR MODIFY—PENDENCY OF APPEAL. In a suit to restrain the construction of a street through a park, because the resulting damages to the plaintiff's abutting property have not been ascertained or adjudicated, the court has power, after sustaining a demurrer to the complaint without leave to amend, and dissolving the restraining order, and directing a judgment of dismissal to be entered, but before the formal entry of the judgment, to revive the injunctional order to preserve the *status quo* pending the plaintiff's intended appeal; but after the appeal is perfected, the court is without jurisdiction to make orders modifying the injunction, and may be prevented from so doing by a writ of prohibition.

APPLICATION for Writ of Prohibition directed to the Superior Court of San Diego County.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Ward & Ward, and Crouch & Harris, for Petitioners.

W. R. Andrews, for Respondents.

ALLEN, P. J.—The material facts appearing from the affidavit and petition are these: An action was begun by plaintiffs against certain officers of the city of San Diego, the object of which was to enjoin such officers from constructing a street through a public park by reason of the fact that damages accruing to plaintiffs' abutting property had not been ascertained or adjusted, and for other reasons claimed to affect plaintiffs' property rights.   A preliminary restraining order

was issued and served. Thereafter, on July 19, 1912, the court announced its decision sustaining a demurrer to plaintiff's complaint, without leave to amend, and dissolving the restraining order theretofore issued, and directing a judgment of dismissal of the action to be entered. The formal entry of this judgment, however, was not made until July 23d. On July 22d, the day preceding the formal entry of the judgment, the court made an order reviving the original injunctional order upon the ground that it was made to appear that plaintiffs intended to appeal, and that the case was a proper one in which to order such renewal pending appeal. On July 24th an appeal was perfected from the judgment of the court entered on July 23d. Thereafter, in August, the superior court modified the injunctional order granted pending the appeal, and in June, 1913, a motion was noticed for an order still further modifying such injunctional order. The superior court entertained such motion and it is alleged that it threatens to and will make other and further modifications of said order and further interfere with the renewal of such injunction pending appeal. The writ is asked to prohibit the court from making any orders affecting the renewal order so made to preserve the *status quo* pending the appeal.

Petitioners' contention is that after the appeal was perfected the court was without jurisdiction to make any further orders in connection with the case other than such incidental orders as were necessary to preserve the *status quo;* and further, it is claimed that upon the authority of *Brownell* v. *Superior Court,* 157 Cal. 703, [109 Pac. 91], the announcement of the decision was the judgment and that the revival order was one made after judgment, upon notice, and that it could not thereafter be modified, and that the defendants in the action, if dissatisfied therewith, possessed the right of appeal therefrom within the statutory time, and having permitted the same to become final, cannot now by any proceeding modify such order. Upon the other hand, it is claimed that the order being made before the formal entry of judgment, such order, as well as all previous orders, were merged in the judgment and that therefore there is no injunctional order in effect. We do not regard the respective dates of the decision, renewal order, and formal entry of judgment as being of particular significance. It is obvious from the renewal

order that it was made for the purpose as therein expressed of preserving the *status quo* and at such a time and under such circumstances as it may be said to have been a concurrent order with the judgment. This was the construction given to an order in the case of *City of Pasadena* v. *Superior Court,* 157 Cal. 788, [109 Pac. 620], where an order of similar import was made the day succeeding the entry of judgment. There can be no question but that the court possessed the inherent power, notwithstanding its order and judgment dismissing the action, to make a renewal order the effect of which was to preserve the rights of all the parties until the appeal was determined. When the appeal was perfected the effect thereof was to remove the subject matter of the order from the jurisdiction of the lower court, and that court is without power to proceed further as to matters embraced therein until the appeal is determined. (*Vosburg* v. *Vosburg,* 137 Cal. 493, [70 Pac. 473].) As said in the Pasadena case above cited: "Common fairness and a sense of justice readily suggests that while plaintiffs were in good faith prosecuting their appeals, they should be in some manner protected in having the subject matter of the litigation preserved intact until the appellate court could settle the controversy . . . unless the superior court possesses the power by provisional injunction to maintain the *status quo* of the subject matter of litigation, there is no remedy afforded plaintiffs whereby their property could be saved from destruction." We are of opinion that the superior court is without jurisdiction to make any order changing the *status quo* established by the renewal order of injunction; that no adequate remedy exists other than that of a writ prohibiting interference with such order after the jurisdiction of the superior court has ceased.

The writ of prohibition is, therefore, granted, and the said superior court and the judges thereof restrained and prohibited from hearing, entertaining, passing upon, proceeding with, trying or deciding matters involved in the said notice of motion and the motion made pursuant thereto.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 29, 1913.