[Civ. No. 2763.    Third Appellate District.—December 1, 1923.]

## L. E. DANLEY, Petitioner, v. SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

[1] INJUNCTION — DISSOLUTION OF RESTRAINING ORDER — REINSTATEMENT PENDING APPEAL—MOTION TO VACATE—JURISDICTION.—In a suit to restrain an irrigation district and the directors thereof from entering into certain contracts, the trial court, after sustaining a demurrer to the complaint without leave to amend and after dissolving the temporary restraining order issued at the time of filing the complaint, but before the filing of notice of appeal, has power to reinstate the original restraining order for the purpose of maintaining the *status quo* pending plaintiff's intended appeal; and after the trial court has reinstated such original restraining order and plaintiff has perfected his appeal, the trial court is without jurisdiction to entertain a motion by the defendants to vacate such restraining order, and it may be prevented from doing so by a writ of prohibition.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Merced County and J. J. Trabucco, Judge presiding, from entertaining a motion to vacate an order reinstating a temporary restraining order pending appeal. Writ granted.

The facts are stated in the opinion of the court.

James F. Peck and Robert L. McWilliams for Petitioner.

Edward F. Treadwell, A. L. Cowell and F. W. Henderson for Respondents.

PLUMMER, J.—This is an application by the petitioner for a writ of prohibition commanding and directing the respondent, the Superior Court of the county of Merced, J. J. Trabucco, Judge presiding, from further proceeding with the hearing of or disposition of a certain motion made by the other respondents above named to vacate, set aside, and annul an order theretofore made reinstating a temporary restraining order pending the determination on appeal of an action prosecuted in said court entitled "L. E. Danley, Plaintiff, *v.* Merced Irrigation District, C. E. Kocher, L. L. Burchell, E. V. Givens, George Bloss, Jr., C. L. Garvin and E. F. Treadwell, Defendants."

The facts involved are in substance as follows: That on or about the eleventh day of September, 1923, the petitioner filed a complaint in the superior court of Merced County having for its purpose the restraining of the Merced Irrigation District and its directors from making or entering into certain contracts relating to water and water rights set out in the complaint; that at the time of the filing of the complaint the court issued a temporary restraining order and an order to show cause why a temporary injunction should not be issued pending the trial of the action; that at the time set for the respondents to show cause the defendants in said action, the respondents in this, appeared and filed demurrers to the plaintiff's complaint, which demurrers were subsequently sustained by the court without leave to the plaintiff to amend his complaint in said action; that the order of the court sustaining the demurrers of the defendants in the action referred to was made and entered on the twenty-eighth day of September, 1923. The court also at said time denied the plaintiff's petition for a temporary injunction. On the twenty-ninth day of September, 1923, on the application of the plaintiff in said action, the petitioner in this, the court made an order reinstating the original restraining order pending the appeal or appeals by the plaintiff from the order of the court denying the plaintiff's application for a temporary injunction and from any

judgment that might be entered in said action following the court's order sustaining the defendant's demurrers to the plaintiff's complaint. Thereafter and on the twenty-ninth day of September, 1923, the said Superior Court made and entered its judgment of dismissal of the action herein referred to based upon its order theretofore made sustaining the defendants' demurrers to plaintiff's complaint without leave to amend, immediately after the entry of the judgment herein referred to and on the same day the plaintiff duly served and filed his notice of appeal from the order denying his application for a temporary injunction and also from the judgment of dismissal entered after sustaining the defendants' demurrers. The order reinstating the restraining order pending the appeals above mentioned was made without notice. On the ninth day of October, 1923, the defendants in the action referred to, the respondents in this, served upon the plaintiff in said action, the petitioner in this, a notice of motion to set aside the order reinstating the restraining order herein referred to and on the sixteenth day of October, 1923, moved said court to vacate such order. At the time set for the hearing of this latter motion, the petitioner herein appeared by his attorneys and objected to the consideration of said motion on the ground that the court had no jurisdiction to hear the same; that, notwithstanding said objection so interposed, the Superior Court proceeded to entertain said motion and will, unless restrained by the order of this court, proceed to pass upon the same. [1] On the part of the petitioner it is here contended that, immediately upon filing his notice of appeal in the action referred to, the trial court was immediately divested of jurisdiction to entertain or hear any motion pertaining to or to take any proceedings whatsoever in relation to the matters embraced in said action or the orders appealed from. On the part of respondents it is contended that, as the reinstatement order was made without notice, the motion to vacate comes within the provisions of section 532 of the Code of Civil Procedure, which reads: "If an injunction is granted without notice to the person enjoined, he may apply, upon reasonable notice to the judge who granted the injunction, or to the court in which the action was brought, to dissolve or modify the same." The literal reading of this section would seem to

support the contention of the respondents, but, in order to correctly interpret it, it must be read in the light of the circumstances to which the wording of the section is to be applied. If the court in which the original injunction or restraining order has been obtained or the judge who issued the order has lost jurisdiction over the subject matter involved, then the fact whether the injunction was or was not issued upon notice cannot be held to entitle the moving party to a hearing. The correct interpretation would seem to be that so long as the court or judge issuing the order has jurisdiction to alter or modify the same, the party against whom the injunction runs and which was issued without notice, may, upon notice, move that the injunction be dissolved or the restraining order set aside. Did the trial court on either the ninth or the sixteenth day of October, 1923, have any jurisdiction over the injunctive matters sought to be litigated in the action theretofore instituted by the petitioner against the respondents in the action hereinbefore referred to? Section 946 of the Code of Civil Procedure, so far as material upon this hearing, reads as follows: "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. . . ." This language refers specifically to the matters which are embraced in the orders and judgment appealed from and not merely matters which may appear upon the same sheet of paper; that is the real substance matter of the action. A reading of the complaint shows that the action heretofore referred to instituted by the petitioner against the respondents had for its purpose injunctive relief. The sole and entire object of the action sought to be attained was to prevent, enjoin and restrain the respondents, as directors of the Merced Irrigation District, from entering into certain contracts involving the Merced Irrigation District and placing upon said district certain financial obligations and responsibilities set out in the complaint. No other relief is sought.

It necessarily follows that the whole subject matter of injunctive relief was embraced in the orders and judgment of the trial court in denying the plaintiff the relief prayed for and in dismissing his complaint. The restraining order,

though so called, is but a temporary injunction under another name and calls into exercise the power of the Superior Court to maintain the *status quo* for a specific period.

The whole power of a superior court to reinstate and continue in force a restraining order pending appeal, whether that order be incorporated into a judgment denying either a temporary or perpetual injunction or made in a separate order concurrently with or preceding the entry of the judgment is fully considered in the case of *City of Pasadena* v. *Superior Court,* 157 Cal. 781 [21 Ann. Cas. 1355, 109 Pac. 620]. It is there set forth distinctly that this equitable power exists and may properly be exercised by trial courts whenever in the judgment of the trial court its discretion should be used to maintain the *status quo* pending an appeal from its judgment in an action where an injunction is sought and denied. In *Mulvey* v. *Superior Court,* 22 Cal. App. 514 [135 Pac. 53], the same question was considered and it was again held that such power existed and it was also further held that, after such restraining order had been made and a notice of appeal filed, the jurisdiction of the trial court to entertain any motion in respect to such injunctional order was suspended. The language of the court being: "There can be no question but that the court possessed the inherent power, notwithstanding its order and judgment dismissing the action, to make a renewal order the effect of which was to preserve the rights of all the parties until the appeal was determined. When the appeal was perfected the effect thereof was to remove the subject matter of the order from the jurisdiction of the lower court, and that court is without power to proceed further as to matters embraced therein until the appeal is determined." (Citing *Vosburg* v. *Vosburg,* 137 Cal. 493 [70 Pac. 473].) There, as here, the revival order was made previous to the entry of the judgment dismissing the plaintiff's action. No significance was given by the court to this fact. The fact that no specific appeal was taken from the renewal order and the further fact that the renewal order is not mentioned in the order denying the injunction sought nor in the judgment dismissing the petitioner's action does not take the renewal order from under the provisions of section 946 of the Code of Civil Procedure relating to appeals. That section relates, in so far as it stays proceedings in the court

below, not to the particular orders that may have been made, but to all proceedings in the court below upon the judgment or order appealed from and the matters embraced therein. It can scarcely be argued that the right of plaintiff to an injunction in the proceeding instituted by him was involved and embraced in the judgment dismissing the same and the same is true concerning his right to an injunction whether called a restraining order, a temporary injunction or a perpetual injunction. And while it is true, as contended by the respondents, that the opinion and judgment of another department of the district court of appeal is not binding upon this court, nevertheless such opinion and judgment has its persuasive effect and if we agree both in the reasoning advanced and the conclusion reached it is our privilege and our duty to adopt the same. The reasons advanced in the two cases to which we have referred and the application made of the principles involved to the facts in the case of *Mulvey* v. *Superior Court, supra,* which are identical with those presented to us, we think conclusively disposes of the questions presented to us for consideration. We hold that, after filing of the notices of appeal in the action to which we have referred, the Superior Court of Merced County was thereupon divested of jurisdiction to entertain a motion made by the respondents in this action to vacate the renewal order referred to in this opinion and that a writ of prohibition should issue, and it is so ordered.

Hart, J., and Finch, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on January 28, 1924.