[Civ. No. 1764.   Fourth Appellate District.—March 26, 1936.]

BENJAMIN SHARICK, Appellant, v. MOLLIE GALLO-WAY et al., Respondents.

734

Clifton Hildebrand, John Corgiat, Jr., and Philander B. Beadle for Appellant.

W. G. Machetanz and McFadzean & Crowe for Respondents.

JENNINGS, J.—The plaintiff instituted this action against four defendants to recover damages for personal injuries alleged to have been sustained by him as the result of his being struck by an automobile which at the time of the accident was being operated by one of the defendants who is alleged to have been the agent of and employed by two other defendants. The fourth defendant, Mollie Galloway, is alleged to have been the owner of the automobile which at the time of the accident was being driven by the defendant, Boon, with her consent. The prayer of the complaint is for a judgment against the defendant Boon and his alleged employers in the amount of $25,000 and against the defendant Galloway in the amount of $5,000. To this complaint the defendants Sun-Maid Raisin Growers Association and Sun-Maid Raisin Growers of California interposed a joint demurrer both general and special. The defendants Boon and Galloway likewise filed a joint demurrer both general and special to the pleading. These demurrers were sustained by the trial court without leave to amend the complaint on June 6, 1935. On June 8, 1935, a judgment dismissing the action as to the defendants Boon and Galloway was signed and filed. On July 27, 1935, the plaintiff gave the following notice of appeal, which was addressed to the clerk of the trial court:

"You will please take notice that plaintiff Benjamin Sharick hereby appeals to the District Court of Appeal of the State of California, Fourth Appellate District, from the judgment in the above entitled action of July 6th, 1935, sustaining defendant's demurrer to plaintiffs sixth amended complaint without leave to amend and from the whole of said order and from each and every part of said judgment."

On August 23, 1935, a judgment dismissing the action as to the defendants Sun-Maid Raisin Growers Association and Sun-Maid Raisin Growers of California was signed and filed. On September 17, 1935, the plaintiff gave notice of appeal from the judgment thus made and entered.

The two appeals which have been taken by the plaintiff from the separate judgments rendered as above noted are here presented on a single record which is entitled "Clerk's Transcript on Appeal". This document contains copies of the pleadings filed in the action, the trial court's order of June 6, 1935, sustaining the demurrers without leave to amend, the two judgments of dismissal entered as above indicated and the notices of appeal. It contains a certificate of the county clerk wherein it is stated that the contents of the transcript consist of true and correct copies of the various documents specified in the certificate.

The defendants Boon and Galloway have joined in a motion to dismiss the appeal from the judgment dismissing the action as to them which was entered on June 8, 1935. The two remaining defendants have likewise joined in a separate motion to dismiss the appeal from the judgment of August 23, 1935.

The grounds which are urged in support of the two above-mentioned motions are, first, that the appeal attempted to be taken is from an order sustaining a demurrer without leave to amend which is a nonappealable order and, second, that no transcript on appeal has been prepared for the presentation of this appeal as required by the code.

█ With respect to the contention of the defendants Sun-Maid Raisin Growers Association and Sun-Maid Raisin Growers of California that the appeal is from a nonappealable order, it is manifest that it may not be sustained. The notice of appeal clearly states that the appeal is taken from "that certain judgment given, made and entered in the above-entitled cause on or about the 23d day of August, 1935". No

mention is made of the order sustaining demurrers to the complaint. The judgment from which the appeal is taken is therefore definitely identified and it is patent that the appeal is from the judgment and not from the order sustaining demurrers to the complaint.

The contention of the other defendants that the appeal as to them is taken from the order sustaining demurrers which is concededly a nonappealable order requires consideration because of the unfortunate wording of the notice of appeal. As above indicated, this notice states that the appeal is taken ''from the judgment in the above-entitled action of July 6, 1935, sustaining defendants' demurrer to plaintiff's sixth amended complaint without leave to amend and from the whole of said order and from each and every part of said judgment''. Since neither the order sustaining demurrers nor any judgment rendered in the action was made on July 6, 1935, it is apparent that the date thus given is erroneous. It is the contention of the defendants who seek to have the appeal dismissed that the date which was intended to be specified was June 6, 1935, and that consequently an appeal was taken from the nonappealable order and must be dismissed. This contention has apparent support in the reference to the judgment as one sustaining a demurrer without leave to amend and the words: ''and from the whole of said order''. However, the notice begins with the statement that the plaintiff appeals ''from the judgment in the above entitled action'' and ends with the language, ''and from each every part of said judgment''. Since a judgment dismissing the action as to these defendants had been entered on June 8, 1935, which judgment contained a recitation that the demurrer of these defendants to plaintiff's sixth amended complaint had been sustained without leave to amend it is our conclusion that the notice of appeal sufficiently identified the judgment and indicated that the appeal was taken from the judgment rather than from the nonappealable order. Technical objections to the presentation of appeals are not favored and, in the absence of a showing of injury to some right of the adverse party, will not be sustained. (*McMahon* v. *Hamilton,* 202 Cal. 319, 325 [260 Pac. 793]; *Tasker* v. *Warner,* 202 Cal. 445 [261 Pac. 474]; *Lynch* v. *Coe,* 203 Cal. 422 [264 Pac. 747].) That the notice is defective in its reference to the

date of the judgment is obvious. No judgment or order in the action was made on July 6, 1935, the date specified in the notice as the date of the judgment. However, the rule is settled that a mistake of this character does not invalidate an appeal. (*Weyl* v. *Sonoma Valley R. Co.*, 69 Cal. 202 [10 Pac. 510]; *Anderson* v. *Goff*, 72 Cal. 65 [13 Pac. 73, 1 Am. St. Rep. 34]; *Swasey* v. *Adair*, 83 Cal. 136 [23 Pac. 284]; *Wilson* v. *Union Iron Works Drydock Co.*, 167 Cal. 539 [140 Pac. 250]; *Harrelson* v. *Miller & Lux, Inc.*, 182 Cal. 408 [188 Pac. 800]; *Oberkotter* v. *Woolman*, 187 Cal. 500 [202 Pac. 669]; *Title Guarantee & Trust Co.* v. *Lester*, 216 Cal. 372 [14 Pac. (2d) 297].) At the time the notice was given a judgment had been entered in the action and only one judgment had then been entered and the mistake in date is not a defect of such importance as to invalidate the appeal. (*Foss* v. *Johnstone*, 158 Cal. 119, 123 [110 Pac. 294]; *Wilson* v. *Union Iron Works Drydock Co., supra; Oberkotter* v. *Woolman, supra.*)

There remains for consideration the contention that no transcript on appeal has been prepared as required by the code. While this·contention is urged by both pairs of defendants who have moved to dismiss the appeals, we entertain the opinion that its importance rests chiefly with respect to the motion presented by the defendants Sun-Maid Raisin Growers Association and Sun-Maid Raisin Growers of California. The record shows that but one notice to prepare a clerk's transcript was given by plaintiff. This notice, which bears the filing date, June 15, 1935, contains a request for the preparation of a transcript pursuant to the provisions of section 953a of the Code of Civil Procedure which should include the sixth amended complaint, the demurrers of the defendants thereto and all rulings, acts and statements of the trial court relating thereto and any judgment made and entered in the action. At the time this notice was given the first judgment dismissing the action as to the defendants Galloway and Boon had been entered. The second judgment dismissing the action as to the two remaining defendants was not entered until August 23, 1935, and notice of appeal from the latter judgment was not filed until September 18, 1935. It is our conclusion that the transcript which was prepared by the clerk in accordance with the above-mentioned notice

relates to the appeal taken from the first judgment· and that it presents a sufficient record for the review of that judgment.

Since, however, it is obvious that two appeals have been taken by the plaintiff from two separate judgments entered in the action and only one transcript has been prepared which, in our opinion, was prepared with reference to the appeal taken from the judgment first entered, it follows that there is before us no record on which to base the appeal taken from the second judgment unless we are justified in considering both appeals on the single transcript which has been filed herein. The plaintiff maintains that we are amply justified in considering both appeals on the single record since in both appeals there is but the one appealing party who attacks both judgments on the single ground that the trial court's action in sustaining demurrers to the sixth amended complaint without leave to amend was erroneous. It is apparent that, under the peculiar circumstances which are here present, the contention that there is no record on which to consider the second appeal is highly technical. The record which is before us contains all that is necessary for a review of both judgments. If the plaintiff had given notice for the preparation of a second record to be used on his appeal from the second judgment it is obvious that it would necessarily have been a duplicate of the record which we now have. Nevertheless, the fact remains that there are two appeals from two separate judgments entered in the action and no stipulation has been entered into between the parties providing for consolidation of the two appeals in which event an order of consolidation could have been made and the appeals could have then properly been considered on the single record. (*Pacific Palisades Assn.* v. *Menninger,* 219 Cal. 257, 262 [26 Pac. (2d) 303].) Bearing in mind the highly technical nature of the objection urged by the defendants and the desirability that, whenever possible, appeals shall be considered on their merits, it is our conclusion that we should, on our own motion, order a consolidation of the two appeals taken by plaintiff in this action.

It is therefore ordered that the appeal taken by plaintiff from the judgment bearing date June 8, 1935, dismissing the action as to the defendants Mollie Galloway and Fred Boon and the appeal of plaintiff from the judgment bearing date August 23, 1935, dismissing the action as to the defendant

Sun-Maid Raisin Growers Association (a corporation) and Sun-Maid Raisin Growers of California be consolidated.

The motions to dismiss the appeals herein are denied.

Barnard, P. J., and Marks, J., concurred.