[Civ. No. 20067.   Second Dist., Div. One.   Jan. 12, 1954.]

GENERAL ELECTRIC COMPANY (a Corporation), Plaintiff and Appellant, v. FEDERAL EMPLOYEES' DISTRIBUTING COMPANY (a Corporation), Defendant and Appellant.

Meserve, Mumper & Hughes and E. Avery Crary for Plaintiff and Appellant.

Butterworth & Smith for Defendant and Appellant.

DRAPEAU, J.—Plaintiff has made a motion in this court for an order to consolidate "appeals and cross-appeal of appellant and respondent companies" from judgment and orders entered by the Superior Court in Case No. 609605. From the certificate of the clerk of the superior court, and the affidavit of plaintiff in support of the original notice of motion, the following facts have been marshaled:

Plaintiff sought in the lower court to permanently enjoin defendant and others from "advertising or selling any commodity manufactured by plaintiff under the trademark 'General (GE) Electric', at less than fair trade prices."

On July 15, 1953, the trial court granted the motion of defendant for nonsuit at the conclusion of plaintiff's case.

On July 20th, the court signed a document entitled Formal Judgment of Nonsuit, setting forth the grounds upon which the nonsuit was granted, and ordering that the preliminary injunction be dissolved.

On August 13th, the trial court signed an "Order Correcting Minute Order Nunc Pro Tunc and Vacating Judgment Inadvertently Entered on Erroneous Minute' Order," which was entered on August 17, 1953. This order stated that through inadvertence and misprision there had been omitted from the minute order entered by the clerk on July 17, 1953, a provision that the preliminary injunction then in force be vacated and dissolved, that such minute order be considered a memorandum only for the guidance of counsel and that a formal order embodying the decision of the court be prepared by counsel for defendant. It also provided, that the said original minute order of July 15, 1953 (entered July 17, 1953) was thereby vacated and cancelled, and ordered that the judgment of nonsuit signed by the court on July 20, 1953, "is the final judgment and decision of this Court upon defendant's motion for nonsuit herein."

On August 17, 1953, a minute order was made vacating the order of July 15, 1953.

On September 8, 1953, plaintiff filed its notice of appeal from all of the above mentioned orders and the purported judgment.

On October 2, 1953, plaintiff's motion for a new trial was granted.

On October 20th, defendant appealed from the order granting the new trial.

Thereafter, on October 30th, plaintiff filed its notice of cross-appeal by which it "appeals from all orders and purported judgment appealed from in its Notice of Appeal filed September 8, 1953."

In all three appeals requests for preparation of clerk's and reporter's transcripts have been filed, to wit: by plaintiff on September 8th and October 30th; and by defendant on October 29, 1953. Plaintiff avers that the record required by it on its appeal and cross-appeal will be identical and the record required by defendant includes all of the record.

It is also averred as follows: "It is necessary that plaintiff pursue both its appeal and cross-appeal . . . by reason of the fact that one of the points urged by defendant in its appeal as evidenced by points and authorities submitted to the trial court in opposition to plaintiff company's motion for new trial, will be that plaintiff company's notice of intention to move for a new trial was not filed within the time allowed by law."

In opposition to the motion, defendant asserts that "The party against whom a judgment has been rendered and who has taken and perfected a valid appeal therefrom has no right thereafter to take a second appeal from the same judgment." It is not necessary to pass upon that point in connection with the motion now before this court.

Rule 11(a) of Rules on Appeal, 36 Cal.2d 13, provides as follows:

"Where several parties appeal from the same judgment or any part or parts thereof, or where there is a cross-appeal pursuant to Rule 3(a) or 3(b), a single record on appeal shall be prepared and filed within the time prescribed for filing the record in the latest appeal. Such record shall be prepared in accordance with Rules 4 and 5 unless all appellants give notice of intention to proceed under Rule 7, or unless the parties stipulate to proceed under Rule 6. Unless the superior court orders otherwise, the initial expense of preparing the record shall be borne equally by the parties appealing. (*As amended, effective Jan. 1, 1951.*)"

As was stated in *Sharick* v. *Galloway,* 12 Cal.App.2d 733, 736 [55 P.2d 1196], "Technical objections to the presentation of appeals are not favored, and, in the absence of a showing of injury to some right of the adverse party, will not be sustained." See, also, *McClure* v. *Donovan,* 82 Cal.App.2d 668 [186 P.2d 720].

It has not been indicated that defendant will be prejudiced by a consolidation of the three appeals. Consequently, rule 11(a), *supra,* should prevail.

The motion to consolidate appeals is granted.

White, P. J., and Doran, J., concurred.