[Civ. No. 20552. Second Dist., Div. One. May 2, 1955.]

GENERAL ELECTRIC COMPANY (a Corporation), Respondent, v. FEDERAL EMPLOYEES' DISTRIBUTING COMPANY (a Corporation), Appellant.

Butterworth & Smith, Edward L. Butterworth and Leonard S. Wolf for Appellant.

Meserve, Mumper & Hughes, E. Avery Crary, Robert A. Stewart, Jr., and Cromwell Warner, Jr., for Respondent.

DRAPEAU, J.—Plaintiff, General Electric Company, brought this action against defendant, Federal Employees' Distributing Company, a corporation, for an injunction forbidding defendant to sell plaintiff's products for less than fair trade prices established by plaintiff and its distributors and retail dealers in California.

In order to readily understand the contentions on this appeal it will be helpful to set forth, chronologically, pertinent filings, judgment, and orders. All but the last one are dated in 1953.

February 10th, complaint filed.

April 10th, preliminary injunction issued.

July 20th, judgment of nonsuit entered, dissolving preliminary injunction.

August 25th, notice of intention to move for new trial filed by plaintiff.

September 8th, appeal from judgment of nonsuit, filed by plaintiff.

October 6th, order for new trial granted.

October 8th, notice of motion for preliminary injunction pending new trial and final determination of action filed by plaintiff.

October 20th, appeal from order granting new trial, filed by defendant.

October 30th, cross-appeal from judgment of nonsuit filed by plaintiff.

November 20th, preliminary injunction pending new trial and final determination of the action granted.

January 22, 1954, notice of appeal by defendant from the preliminary injunction pending new trial and final determination of the action.

This appeal presents but one question: Did the Superior Court have jurisdiction to grant the preliminary injunction last stated, notwithstanding the fact that notices of appeal from the judgment of nonsuit and from the order granting a new trial had been filed prior thereto?

Appeals from the judgment of nonsuit and from the order granting a new trial have been consolidated (*General Elec. Co.* v. *Federal Emp. Distributing Co.*, 122 Cal.App.2d 509 [265 P.2d 19]), briefed and argued together, and will be decided, and the opinion will be filed immediately after this decision.

The case of *Eisenberg* v. *Superior Court*, 193 Cal. 575 [226 P. 617], appears to answer the question stated. That case holds that the issuance of a preliminary injunction pending appeal is not a matter embraced in the judgment, and that an appeal from the judgment does not deprive the Superior Court of jurisdiction and power to preserve the subject of the litigation until the final determination of the appeal.

Defendant relies upon *Danley* v. *Superior Court*, 64 Cal. App. 594 [222 P. 362], and contends that that case holds to the contrary. Hearing by the Supreme Court in the Danley case was denied about six months before the Eisenberg case was decided.

This court is of the opinion that the law stated in the Eisenberg case is determinative of this case.

There is no merit in defendant's suggestion that the Superior Court abused its discretion in making the order granting the preliminary injunction pending final disposition of the case.

The order is affirmed.

White, P. J., and Doran, J., concurred.