[No. C059892. Third Dist. Aug. 21, 2009.]

YOLO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Plaintiff and Respondent, v.
TERRELL LOWERY, Defendant and Appellant.

**COUNSEL**

Kathleen S. Amos for Defendant and Appellant.

William C. Schemel for Plaintiff and Respondent.

**OPINION**

**CANTIL-SAKAUYE, J.**—Welfare and Institutions Code section 903[1] provides a parent is liable for the support of his minor child while the minor is placed or detained pursuant to an order of the juvenile court. Subdivision (e) provides an exception where the minor is placed or detained because he

---

[1] Hereafter, undesignated statutory references are to the Welfare and Institutions Code.

committed a crime against the person liable for support. The issue in this case is whether that exception applies to excuse a father from support obligations where his minor son is placed in foster care because he molested the father's minor daughters, the minor's stepsisters. Based on the plain meaning of the words of section 903, subdivision (e), we conclude the answer is no and affirm.

## FACTS

The minor M. was born in January 1993. Based on his admission, Terrell Lowery was found to be the minor's father. Lowery was ordered to pay $475 a month in child support.

In April 2005, the minor went to live with Lowery. Lowery and the minor's mother stipulated Lowery owed no child support and Lowery requested no child support. The minor molested Lowery's daughters and subsequently pled no contest to lewd and lascivious acts upon a minor. The minor was removed from the home and placed in foster care.

The Yolo County Department of Child Support Services (Yolo DCSS) registered the above referenced support order and moved to modify it to require Lowery to pay support in the guideline amount. Yolo DCSS sought reimbursement from Lowery for the cost of M.'s placement within its juvenile system.

In response, Lowery argued he was exempt from the support obligation under section 903, subdivision (e) (hereafter section 903(e)) because the minor had committed "a felony against me in my home." Lowery argued that while his daughters were the direct victims of the minor's crime, he was a derivative victim, as defined in Government Code section 13955, subdivision (c).

Yolo DCSS responded that the minor was in nonfederal foster care at a cost to the county of $5,000 a month. Yolo DCSS argued Lowery did not fall within the exception of section 903(e) because the minor's crime was not against him.

In April 2008, the court, in an oral statement of decision, found the section 903(e) defense did not apply. Two months later, in June, the court advised Lowery's counsel of this oral statement of decision and that no formal order had been submitted. The court ordered Lowery to pay $500 a month in child

support only for the period December 1, 2007, through April 30, 2008. Both of these rulings were placed in formal orders on July 28.

In August 2008, Lowery appealed from the judgment or order entered on June 17, 2008. The clerk's notice of filing an appeal noted Lowery was appealing from the order after hearing of July 28, 2008.

## DISCUSSION

Yolo DCSS notes that Lowery's notice of appeal sets forth an incorrect date for the order appealed from, but assumes this court will deem it an appeal from the judgment of July 28, 2008. Yolo DCSS's assumption is correct. We are required to construe the notice of appeal liberally. (Cal. Rules of Court, rule 8.100(a)(2).)

Resolution of the issue in this case requires us to interpret section 903(e). Section 903, subdivision (a) provides in part: "The father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution or other place pursuant to Section 625 or pursuant to an order of the juvenile court."

Section 903(e) provides an exception to this support obligation. It provides: "Notwithstanding subdivision (a), the father, mother, spouse, or other person liable for the support of a minor shall not be liable for the costs of support of that minor while the minor is temporarily placed or detained in any institution or other place pursuant to Section 625 or is committed to any institution or other place pursuant to an order of the juvenile court, if the minor is placed or detained because he or she is found by a court to have committed a crime against that person. Nothing in this subdivision shall be construed to extinguish a child support obligation between private parties."

■ The fundamental rule of statutory interpretation is to ascertain the intent of the Legislature as to the purpose of the law by first looking at the plain meaning of the words in the statute. (*In re J. W.* (2002) 29 Cal.4th 200, 209 [126 Cal.Rptr.2d 897].) "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

Section 903(e) excuses the support obligation of the parent or other person liable for support if the minor committed a crime "against that person." This language is clear and unambiguous; Lowery is excused from his support obligation only if the minor committed a crime against Lowery. The minor did not; he committed a crime against Lowery's daughters.

The plain meaning of the words has been used in the past to interpret section 903. In *In re Jason V.* (1991) 229 Cal.App.3d 1168 [280 Cal.Rptr. 562], the juvenile court ordered the minor's legal guardians to reimburse the county for the minor's foster care. At the time, former section 903, subdivision (a) imposed a support obligation only on a parent, the parent's estate or the minor's estate.[2] The appellate court held this language was clear and did not include a legal guardian. (*In re Jason V., supra,* at p. 1171.)

Lowery argues he is a derivative victim of the minor's crime, relying on the definition of a derivative victim for purposes of restitution. Government Code section 13955, subdivision (a)(2) provides a derivative victim is eligible for restitution. Subdivision (c)(1) of that section defines a derivative victim to include the victim's parent. We are unpersuaded. That Government Code section 13955 provides a more expansive definition of victim means only that when the Legislature so intended, it knew how to say so. (See, e.g., *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1432 [112 Cal.Rptr.2d 643] [if Legislature had intended to limit term "serious felony" to specific offenses, it knew how to do so because it had done so in other statutes].) The Legislature did not include derivative victims in section 903(e).

Lowery argues it is unfair to impose a support obligation on him when he has to bear the burden, financial and emotional, of the minor's crime against his daughters.[3] He contends it is bad public policy to take money away from his family that should be used for the benefit of the minor's victims, rather than to benefit the victimizer. He asserts the Legislature must have intended to apply the exemption of section 903(e) to the entire family. "Those concerns raise issues of policy that should be addressed to the Legislature rather than this court, whose task is limited to construing the laws enacted by the Legislature." (*Lonicki v. Sutter Health Central* (2008) 43 Cal.4th 201, 215 [74 Cal.Rptr.3d 570, 180 P.3d 321].)

---

[2] Section 903, subdivision (a) was subsequently amended to include a support obligation for any "other person liable for the support of a minor." (Stats. 1994, ch. 882, § 3, p. 4464.)

[3] The court took into account Lowery's additional expenses of counseling for his daughters in departing from the guideline amount and limiting the collection of arrearages.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Hull, J., concurred.