Filed 9/30/20  Marriage of Vigeant CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re the Marriage of JULIE and CHRIS VIGEANT. | C089783 |
| JULIE VIGEANT,<br><br>Appellant,<br><br>v.<br><br>CHRIS VIGEANT,<br><br>Respondent. | (Super. Ct. No. 16FL00360) |

Appellant Julie Vigeant, representing herself, appeals from an award of spousal support in a judgment of dissolution of her marriage to respondent Chris Vigeant. Appellant argues that, for a variety of reasons,[1] the trial court's award of $300 per month

---

[1]    Specifically, appellant argues that the trial court erred by (1) denying her an equal share of respondent's Social Security Disability Insurance benefits; (2) denying her any

1

is too low and that the judgment should therefore be reversed.  We will affirm the judgment due to appellant's failure to provide an adequate record to permit appellate review.

PROCEDURAL BACKGROUND

Although our ability to review this matter has been severely hampered by the inadequate appellate record, we have discerned the following procedural history.

In April 2016, after more than 11 years of marriage, appellant filed a petition for legal separation from respondent.  In connection with the petition, appellant also requested an order of spousal support.  In support of her request for spousal support, appellant declared that she was indigent, living on food stamps, and had been homeless since June 2015.  After a hearing, the court awarded temporary spousal support in the amount of $737 a month.

In August 2017, apparently at respondent's request, the court reduced the amount of spousal support to $300 per month.  Appellant then filed a series of requests seeking to increase the amount of spousal support.  Appellant primarily argued that she was unemployed and had no source of income, whereas respondent received monthly Social Security Disability Insurance and motion picture retirement benefits.  All of appellant's requests to increase her spousal support were denied.

On May 7, 2019, after an evidentiary hearing, the trial court issued a minute order granting dissolution of marriage and ordering respondent to continue paying spousal support to appellant in the amount of $300 per month.  In its order, the court concluded that respondent's Social Security and motion picture retirement benefits were separate

share of respondent's motion picture retirement benefits; (3) failing to order respondent to repay funds that he allegedly stole from her; and (4) failing to order respondent to repay her for personal property lost when she was evicted after respondent abandoned her.

2

property.[2]  The court ordered respondent to prepare the form of judgment.  Judgment was entered on June 4, 2019.  On June 6, 2019, appellant filed a notice of appeal.[3]

## DISCUSSION

We review spousal support orders under the deferential abuse of discretion standard.  (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 110.)  " ' "As long as the court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it." [Citations.]' " (*Ibid.*)

On appeal, we begin with a presumption that the trial court's judgment is correct and supported by substantial evidence.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  " ' "All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." ' [Citation.]" (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)  The party challenging the judgment has the burden of affirmatively demonstrating reversible error by providing an adequate record.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)  " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Ibid.*)

---

**2**    On May 16, 2019, appellant filed a request for reconsideration, arguing that she had new evidence showing that she is unable to work.  It is unclear why appellant focused her request for reconsideration on proving her inability to work given that the court's order expressly found she was not able to work.  On June 25, 2019, after entry of judgment, the trial court formally denied the request for reconsideration.

**3**    Appellant's June 6, 2019 notice of appeal incorrectly states that she is appealing from a judgment entered on May 7, 2019, the date upon which the trial court issued its unsigned minute order.  The judgment was entered on June 4, 2019.  Since notices of appeal are to be liberally construed (*Yolo County Dept. of Child Support Services v. Lowery* (2009) 176 Cal.App.4th 1243, 1246), we deem the notice as an appeal from the judgment, rather than the nonappealable minute order.

The record here is plainly inadequate. Aside from failing to include a copy of the actual judgment,**4** appellant has provided a record consisting only of documents that support her view of the case. Appellant has omitted virtually all the respondent's pleadings and evidence, including his "at issue" memorandum and trial brief.**5** As we recognized in *Osgood v. Landon* (2005) 127 Cal.App.4th 425, " 'a record is inadequate . . . if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present . . . portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' " (*Id.* at p. 435, quoting *Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)

Further, despite the fact that both appellant and respondent testified at trial, appellant has not provided a reporter's transcript, agreed statement, or settled statement. Without a proper record of the parties' testimony, we do not know what was said during any of the proceedings below or at trial. Thus, we must presume the trial court acted properly and that its findings are supported by the evidence. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

We are mindful that appellant appears in this court without counsel, but that does not exempt her from the procedural and substantive rules governing appeals. "A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys. [Citation.]" (*Elena S. v.*

---

**4**    Although the appellate record includes a notice of entry of judgment, the judgment itself was not included.

**5**    On our own motion, we take judicial notice of the trial court docket in this case, which can be accessed at <https://cabutteodyprod.tylerhost.net/Portal> [as of Sept. 30, 2020], archived at <https://perma.cc/33WQ-MGJ4>.

*Kroutik, supra*, 247 Cal.App.4th at p. 574; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

As the party challenging a discretionary ruling, it is appellant's burden to demonstrate abuse of discretion on an adequate record. She has not met that burden. Without a record with which to overcome the presumption that the court's ruling was correct, appellate review is not possible and we have no alternative but to reject appellant's claims and affirm the judgment.

DISPOSITION

The judgment is affirmed. Each party is responsible for its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

                                                               _____KRAUSE_____, J.

We concur:

_____HOCH_____, Acting P. J.

_____RENNER_____, J.