Filed 4/12/22  Ramirez v. Oxford Properties, Inc. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| AMANDA RAMIREZ, | |
| Plaintiff and Appellant, | E076022 |
| v. | (Super.Ct.No. RIC1901389) |
| OXFORD PROPERTIES, INC., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Craig Riemer, Judge.

Dismissed in part and affirmed in part.

Mahoney Law Group, Kevin Mahoney, and George B. Singer for Plaintiff and

Appellant.

Manning & Kass, Ellrod, Ramirez, Trester and Scott Wm. Davenport for

Defendant and Respondent.

Counsel for plaintiff Amanda Ramirez failed to respond to a series of orders to

show cause (OSCs).  As a result, her complaint was dismissed; thereafter, a defendant's

cross-complaint was also dismissed.  Ramirez filed a motion to vacate.  By mistake,

1

however, she moved to vacate the dismissal of the cross-complaint, rather than the dismissal of her complaint. The trial court denied the motion for this reason. Ramirez filed another motion, this time to vacate the dismissal of her complaint, but the trial court denied it as untimely.

Ramirez filed a notice of appeal. However, again by mistake, she appealed from the denial of her second motion to vacate, rather than from the denial of her first motion to vacate.

The notice of appeal was timely with respect to both orders. In this situation, the rule is that, if only one of the orders was appealable, we may deem the appeal to be taken from the appealable order, even though the notice of appeal specified the nonappealable order. However, if both orders were appealable, we can review only the order specified in the notice; we have no jurisdiction to review the one not specified.

We will hold that both orders were appealable. Ramirez asks us to treat the second motion to vacate as a motion for reconsideration of the first motion to vacate, as the denial of a motion for reconsideration is not appealable. We will further hold, however, that, on this record, we cannot do so. It was a motion to vacate both in name and in effect; we have no basis for recharacterizing it as a motion for reconsideration.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Ramirez filed this action, naming as defendants Oxford Properties, Inc. (Oxford), Talat Radwan, and Jason Radwan. She alleged that she slipped and fell due to a pothole on defendants' property.

Oxford filed an answer. It also filed a cross-complaint for indemnity against "Roes 1 through 100."

Ramirez filed a proof of service on Talat Radwan, but he never answered, and she never took his default. She failed to serve Jason Radwan.

Ramirez filed a case management statement. The trial court found that it was incomplete.

In August, October, and November 2019, the trial court repeatedly issued OSCs re sanctions, including dismissal, for failure to serve Jason Radwan, for failure to take the default of Talat Radwan, and for failure to file a complete case management statement.

In response to the August OSC, Ramirez filed a case management statement essentially identical to the one that the trial court had found was incomplete. In addition, her counsel filed a responsive declaration; however, they did not file it at least four court days before the date of the OSC hearing, as Local Rule 3116 required. They did not appear at the hearing.

Ramirez did not respond to the October or November OSCs at all. As a result, on December 23, 2019, the trial court entered a written order dismissing the complaint without prejudice (complaint dismissal).

On January 28, 2020, by stipulation, the trial court ordered the cross-complaint dismissed without prejudice (cross-complaint dismissal). It entered a written order to that effect on January 30, 2020.

On June 8, 2020, Ramirez filed a motion for relief under section 473, subdivision (b)[1] (first motion to vacate). It asked the trial court to vacate "the January 28, 2020 dismissal of this action." According to her counsel, the paralegal in charge of the case either had not received the OSCs or had ignored them.[2] On January 3, 2020, the paralegal had left the firm.

On August 3, 2020, at the hearing, there was this exchange:

"THE COURT: . . . [S]ince there's two dismissal orders, one of which affects the complaint, one of which affects only the cross-complaint, which one are you moving to vacate?

"[COUNSEL FOR RAMIREZ]: The dismissal of the plaintiff's complaint.

---

[1] This and all further statutory citations are to the Code of Civil Procedure, unless otherwise indicated.

[2] Ramirez's counsel had responded to the first (August) OSC because a clerk had given them a copy of it when they appeared for a case management conference, unaware that it had been continued.

"THE COURT: Then why is it that your motion is directed to the order of January 28th, which is a dismissal solely of the cross-complaint?

"[COUNSEL FOR RAMIREZ]: That is a mistake. Our initial belief was that the Court dismissed this case at the hearing on the 28th because we didn't have a copy of the Court's order of dismissal from December 23rd, which the Court entered on its own. This motion is to set aside the dismissal [of] the plaintiff's complaint. The date in the motion itself says [January] 28th. It should say December 23rd."

The trial court denied the motion (August 3 denial). With respect to the complaint dismissal, it ruled that the motion had not specified the right date: "I'm not really focusing on December 23rd at the moment because your motion was directed to the dismissal in January. . . . You want relief from the dismissal of the complaint, make a motion directed to the order dismissing the complaint."

On August 12, 2020, Ramirez filed a motion to vacate the complaint dismissal (second motion to vacate). On September 3, 2020, the trial court denied it as untimely (September 3 denial). (See § 473, subd. (b) [application for relief must be made within six months].)

On October 29, 2000, Ramirez filed a notice of appeal from an order entered on "September 3, 2020."

## II

## APPEALABILITY

As Ramirez recognizes, there is a serious issue of appealability.

5

To recap slightly, on August 3, the trial court denied the first motion to vacate. On September 3, it denied the second motion to vacate. Ramirez filed an appeal specifying only the September 3 denial. In her brief, however, she challenges only the August 3 denial.

A notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) Nevertheless, a "notice of appeal must be liberally construed." (*Ibid.*) Thus, if a notice specifies an order issued on one date, but the only order then appealable was issued on a different date, the notice may be construed as an appeal from the latter (at least in the absence of prejudice to the respondent). (E.g., *Swasey v. Adair* (1890) 83 Cal. 136, 137; *Yolo County Dept. of Child Support Services v. Lowery* (2009) 176 Cal.App.4th 1243, 1246; *Call v. Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911, 914-915.) Obviously, under those circumstances, the date specified is a mistake, and the appellant intended to appeal from the only appealable order.

"On the other hand, where several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified . . . in order to be reviewable on appeal. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) Notice of Appeal and Cross-Appeal, ¶ 3:119.1, p. 3-53, and cases cited.) "'"The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only . . .

6

one of two separate appealable judgments or orders."' [Citation.]" (*In re J.F.* (2019) 39 Cal.App.5th 70, 76.)

Ramirez's October 29 notice of appeal was timely with respect to both the August 3 denial and the September 3 denial. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Hence, we *can* review the August 3 denial only if we *cannot* review the September 3 denial.

Ordinarily, an order denying a statutory motion to vacate a judgment[3] is appealable as a post-judgment order under section 904.1, subdivision (a)(2). (*Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282; *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137.) That is true even if the appellant brings more than one motion to vacate. (*Carver v. Platt* (1960) 179 Cal.App.2d 140, 142-143.) Thus, it would seem that the September 3 denial was appealable.

Ramirez argues, however, that her second motion to vacate was, in essence, a motion for reconsideration of her first motion to vacate, pursuant to section 1008.

Under section 1008, subdivision (a): "When an application for an order has been made . . . and refused . . . , any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application . . . to reconsider the matter and modify, amend, or revoke the prior order."

---

[3] The complaint dismissal was a final judgment, even though the cross-complaint remained pending, because Ramirez was not a party to the cross-complaint. (See generally *Buckaloo v. Johnson* (1975) 14 Cal.3d 815, 821, fn. 3, disapproved on other grounds in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 376, 393, fn. 5.)

Under section 1008, subdivision (b): "A party who originally made an application for an order which was refused . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law . . . ."

By statute, "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable." (§ 1008, subd. (g).) According to judicial decisions, a motion for reconsideration made pursuant to subdivision (b) likewise is not separately appealable. (*Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 363-365; *Chango Coffee, Inc. v. Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247, 1252-1254; *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 158-159.) Thus, if Ramirez's second motion to vacate was really a motion for reconsideration, we could not review the September 3 denial (and we can review the August 3 denial).

Ramirez, however, did not label her second motion as a motion for reconsideration. Her notice of motion — which had to "state . . . the nature of the order being sought and the grounds for issuance of the order" (Cal. Rules of Court, rule 3.1110(a)) — cited section 473, subdivision (b), which governs a motion to vacate. The motion never mentioned section 1008. It never stated "what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown," as both section 1008 subdivision (a) and subdivision (b) would have required.

"[G]enerally, appellate courts should not construe a motion expressly identified as being a particular motion to be an entirely different motion in the appellate court."

(*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1608.) "We recognize that there are cases which appear to suggest that *trial* courts may consider a motion regardless of its label. . . . [¶] Even if we assume the trial court is free to ignore the label of a motion, it does not necessarily follow that appellate courts should do so as well, particularly when there is no indication that the motion was 'construed' to be a different motion in the trial court." (*Id*. at pp. 1608-1609.)

It could be argued that section 1008 itself trumps this general rule. It states that it "applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion . . . ." (§ 1008, subd. (e).) Arguably, then, any motion that *in effect* seeks reconsideration must be deemed to be made under section 1008.

We need not decide this question. Ramirez's second motion to vacate did not seek reconsideration, in name *or* in effect. As the trial court noted, the first motion purportedly sought to vacate the cross-complaint dismissal. A reasonable person, well-acquainted with the record, could have looked at that motion and thought, "Oh, this doesn't really mean the cross-complaint dismissal, that's just a mistake, it's really directed at the [complaint] dismissal." In fact, Ramirez's argument on the merits in this appeal is that the trial court could and should have done so.

The trial court, however, did not. Whether correctly or not, it ruled that the first motion raised no issue as to the complaint dismissal. It told Ramirez's counsel, "You want relief from the dismissal of the complaint, make a motion directed to the order dismissing the complaint."

9

At that point, Ramirez had two options: She could seek reconsideration, or she could file a new motion to vacate. She could even have done both. She chose to acquiesce in the trial court's view that the first motion to vacate had been directed at the cross-complaint dismissal; thus, she filed a new motion to vacate directed at *a different* dismissal. It did not argue that the trial court had erred in denying the first motion to vacate. And once again, it did not assert that there were any new or different facts, circumstances, or law. There is simply no factual basis on this record on which we can reclassify it, in hindsight, as a motion for reconsideration.

Ramirez also argues that under *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas* (1998) 64 Cal.App.4th 955, we can entertain the appeal because her two motions "were mirror images of each other that raised the same issue." There, the parties filed cross-motions, heard on the same date — Owens-Corning's motion arguing that its settlement with the plaintiff was in good faith, and Norco's motion arguing that the settlement was not in good faith. In April, the trial court denied Norco's motion; in May, it granted Owens-Corning's motion. Norco appealed from the May order. In its briefs, however, it challenged the April order. (*Id*. at p. 960.) The appellate court held that it could reach issues regarding the April order, because "Norco's motion to contest good faith was simply the mirror image of Owens-Corning's application for a determination of good faith. Both motions raised the exact same issue: whether the settlement was in good faith." (*Id*. at p. 961.)

Here, by contrast, the August 3 denial and the September 3 denial were not mirror images of each other; they raised different issues.  On August 3, the trial court ruled that the first motion to vacate was not directed at the complaint dismissal.  In this appeal, Ramirez argues that this was error.  On September 3, the trial court accepted that the second motion to vacate was directed at the complaint dismissal but ruled that it was untimely.  Ramirez does not argue that this was error.

We take no pleasure in dismissing Ramirez's appeal.  She was denied a hearing on her claims in the trial court; now we are denying a hearing on her claims in this court.  "[T]he strong policy against disposing of cases on procedural deficiencies rather than trying cases on the merits" is close to our hearts.  (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1085.)  But "[a] proper notice of appeal from an appealable order is jurisdictional.  [Citations.]"  (*Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 440.)  We have no leeway to let Ramirez appeal from an order not specified in her notice of appeal, no matter how much it may appear to be in the interest of justice to do so.

III

DISPOSITION

To the extent that Ramirez's appeal may be deemed to be from the August 3 denial of her first motion to vacate, the appeal is dismissed.  To the extent that it may be

11

deemed to be from the September 3 denial of her second motion to vacate, the order

appealed from is affirmed.  In the interests of justice, we do not award costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.